# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 24, 2002 Session

## STATE OF TENNESSEE v. JERRY W. SOUDER

### Appeal from the Criminal Court for Sullivan County
### No. S44,088    R. Jerry Beck, Judge

---

### No. E2001-02658-CCA-R3-CD
### November 15, 2002

---

The Defendant, Jerry W. Souder, pled nolo contendere to one count of attempted aggravated sexual battery. As part of the plea agreement, the Defendant was sentenced as a Range II offender to six years, with the manner of service to be determined by the trial court. After a hearing, the trial court ordered the Defendant to serve his sentence in the Department of Correction. The Defendant now appeals as of right, alleging that the trial court erred by denying him an alternative sentence, specifically probation. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Wayne Culbertson, Kingsport, Tennessee, for the appellant, Jerry W. Souder.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; Greeley Wells, District Attorney General; and James Goodwin, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant's conviction arose out of allegations by S.P.,[1] a nine-year old female neighbor, that the Defendant had fondled her breasts. When initially contacted by the police, the Defendant admitted the allegations. At the plea and sentencing hearings, however, the Defendant contended that the allegations were false and that he was pleading guilty to save the victim from further embarrassment.

At the time of sentencing, the Defendant was sixty-seven years old. He has a single conviction of indecent exposure, which conviction occurred in 1977 and involved a victim under

---

[1]We identify the minor victims of sex crimes by their initials.

thirteen years of age. He has been married for over forty years and has a high school education followed by military service and steady employment.

The criminal conduct at issue was alleged to have occurred on or about May 1, 2000. On May 9, 2000, the Defendant gave a statement about the incident to the Department of Children's Services and to the Kingsport Police Department. In both statements the Defendant admitted to having touched S.P.'s breasts. He also admitted to having sexually molested young girls many years ago.

In conjunction with the Defendant's presentence investigation, he was evaluated by Tennessee Sex Offender Board Approved Providers Thomas R. Herington, M.A., and J. Michael Adler, Ph.D., of Counseling and Consultation Services, Inc. The evaluation was performed for the purpose of assessing the Defendant's risk to re-offend, his treatment needs, and his amenability to sex offender treatment. This evaluation states in part that the Defendant's "level of honesty is low," that he "presents a [h]igh risk to re-offend," and that he is "a poor candidate for Sex Offender Treatment." In a letter summarizing the evaluation of the Defendant, the examining clinicians state that the Defendant "is not considered a candidate for treatment in a community base[d] program," and that he "should be referred to the Special Needs Prison for Sex Offender Treatment."

The Defendant testified at the sentencing hearing. Contrary to his earlier statements, the Defendant testified that upon further reflection, he "realized there is no way in the world that [he] could have touched that girl's breasts that high up on her shoulder." The Defendant continued, stating that "every bit of this is a lie," that he had been "charged wrongfully," and thought he "ought to be vindicated of this thing." The Defendant admitted that he "had done a lot of bad things" over twenty years ago, but averred that he had since "got[ten] [his] life straightened out," and had "got[ten] out of that."

On cross-examination, the prosecutor asked the Defendant, "[s]o, you're not into this kind of thing now?" to which the Defendant replied, "[t]hat's right. I left that stuff years ago." The prosecutor then asked, "[b]ut you have molested other children in the past?" The Defendant refused to answer this question and invoked his right not to incriminate himself under the Fifth Amendment to the United States Constitution.[2]

The trial court denied the Defendant an alternative sentence and ordered him to serve his sentence in the Department of Correction. Taking the victim impact statement into account,[3] the

---

[2]The Fifth Amendment to the United States Constitution provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." Similarly, Article I, Section 9 of the Tennessee Constitution provides that a criminal defendant "shall not be compelled to give evidence against himself."

[3]S.P.'s mother filed a victim impact statement which provides, in relevant part, that S.P. "has had to deal with a lot of emotional issues" as a result of the Defendant's conduct, that she was "sad and afraid," and that S.P.'s mother took her to counseling. S.P.'s mother also expressed concern for other children in the neighborhood, and explained that
(continued...)

-2-

court found that "to grant probation would diminish the seriousness of the crime." The court also placed heavy reliance on the Defendant's prior conviction. With respect to the Defendant's refusal to answer the State's question, the court "considere[d] that as not putting his best foot forward and allowing the Court to make a rational decision." Finally, the court noted the "very negative" evaluation as a basis for denying probation.

The Defendant contends on appeal that the trial court erred in sentencing him to confinement and that it improperly weighed enhancement and mitigating factors. When a convicted defendant challenges the manner of service of a sentence, this Court has a duty to conduct a <u>de</u> <u>novo</u> review of the sentence with a presumption that the determinations made by the trial court are correct. <u>See</u> Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). The record in this case supports the presumption of correctness.

When conducting a <u>de</u> <u>novo</u> review of a sentence, this Court must consider: (a) the evidence, if any, received at the trial and sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement made by the defendant regarding sentencing; and (g) the potential or lack of potential for rehabilitation or treatment. <u>See</u> Tenn. Code Ann. §§ 40-35-102, -103, -210; <u>State v. Brewer</u>, 875 S.W.2d 298, 302 (Tenn. Crim. App. 1993); <u>State v. Thomas</u>, 755 S.W.2d 838, 844 (Tenn. Crim. App. 1988).

If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. <u>See</u> <u>State v. Pike</u>, 978 S.W.2d 904, 926-27 (Tenn. 1998); <u>State v. Fletcher</u>, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

With respect to the Defendant's complaints about the trial court's application of enhancement and mitigating factors, the State responds that, because the Defendant is not challenging the length of his sentence, the trial court's application of these factors is irrelevant. However, this Court has recently recognized that enhancement and mitigating factors are relevant to the trial court's determination of the manner in which a felony sentence is to be served. <u>See</u> <u>State v. Bolling</u>, 75 S.W.3d 418, 421 (Tenn. Crim. App. 2001). Accordingly, we will review the trial court's findings in this regard.

---

[3](...continued)
the family felt it necessary to sell their house because they lived next door to the Defendant.

The trial court found as an enhancement factor that the Defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(1). Indeed, the trial court weighed this factor "heav[ily]" in denying an alternative sentence. The Defendant argues that the trial court placed too much weight on this factor because the Defendant's single prior conviction occurred in 1977.[4]

Provided the trial court complies with the purposes and principles of the Criminal Sentencing Reform Act of 1989 and its findings are adequately supported by the record, the weight afforded to enhancement and mitigating factors is left to the trial court's discretion. See, e.g., State v. Alder, 71 S.W.3d 299, 306 (Tenn. Crim. App. 2001); State v. Kelley, 34 S.W.3d 471, 479 (Tenn. Crim. App. 2000). In this case, the Defendant has failed to demonstrate that the trial court abused its discretion in the weight it placed on the enhancement factor for previous criminal convictions. Although the prior conviction is old, it arises from conduct similar to that for which the Defendant now stands convicted. Furthermore, the enhancement factor applies not only where there is a history of previous criminal convictions, but also where there is a history of previous criminal behavior. See Tenn. Code Ann. § 40-35-114(1). The Defendant's statements include confessions to multiple incidents of molesting children sometime in the past. Accordingly, we agree with the trial court that the Defendant's history of criminal convictions and criminal behavior lends support to the denial of an alternative sentence. This issue is without merit.

The Defendant also contends that the trial court erred by applying enhancement factor (7), that he committed the offense to gratify his desire for pleasure or excitement. See Tenn. Code Ann. § 40-35-114(7). However, the trial court did not rely on this factor in determining how the Defendant should serve his sentence. This issue is, therefore, without merit.

The Defendant also contends that the trial court did not consider as mitigating factors that the Defendant's conduct neither caused nor threatened serious bodily injury, see id. § 40-35-113(1), and that he cooperated with the authorities. See id. § 40-35-113(13). He further contends that the trial court gave insufficient weight to the mitigating factors that the trial court did recognize.[5] However, we agree with the trial court that the negative factors adduced in conjunction with the Defendant's sentencing hearing far outweigh any and all mitigating factors that might otherwise support an alternative sentence. Accordingly, this issue is without merit.

With respect to the Defendant's challenge to the trial court's determination that he should serve his sentence in the Department of Correction, we first note that the Defendant is eligible for probation. See Tenn. Code Ann. § 40-35-303(a). Because he was sentenced as a Range II offender,

---

[4]We note that the Defendant's prior misdemeanor conviction was not the basis for the Defendant's being sentenced as a Range II multiple offender; rather, he was sentenced as a Range II multiple offender as part of his plea agreement. Accordingly, the trial court was entitled to rely on the prior conviction as one "in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1).

[5]The trial court referenced the Defendant's military service, his employment history, his schooling, his limited prior record, his health problems and his age.

however, the Defendant is not entitled to a statutory presumption in favor of an alternative sentence. See id. § 40-35-102(6). To be entitled to a sentence of probation, the Defendant must demonstrate that probation would "subserve the ends of justice and the best interest of both the public and the defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990) (quoting Hooper v. State, 297 S.W.2d 78, 81 (Tenn. 1956)), overruled on other grounds, State v. Hooper, 29 S.W.3d 1 (Tenn. 2000). Furthermore, in determining whether to grant probation, the trial court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, including physical and mental condition; and the deterrent effect on the defendant. See State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. See Tenn. Code Ann. § 40-35-103(5).

The principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). However, probation is properly denied under the following circumstances:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1). See State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000); State v. Ashby, 823 S.W.2d 166, 170 (Tenn. 1991).

The Defendant argues that the trial court erred in denying probation on the grounds that to do so would depreciate the seriousness of the offense, because it was not "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree," and of such a nature as to outweigh all other factors favoring a sentence other than confinement. State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). We agree that the criminal conduct at issue was not so reprehensible as to justify, in and of itself, the denial of probation. However, this was only one factor relied upon by the trial court in its decision. Other evidence in the record is more than sufficient to justify the denial of probation, and this issue is, therefore, without merit.

The Defendant also contends that the trial court committed error when it relied on his assertion of his rights against self-incrimination in denying probation. The trial court characterized the Defendant's refusal to answer the prosecutor's question about whether he had molested children in the past, as "not putting his best foot forward."

The United States Supreme Court has recently made clear that a criminal defendant retains his or her right to assert the Fifth Amendment privilege against self-incrimination during sentencing. See Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed. 2d 424 (1999). Moreover, the sentencing court may draw no adverse inference from the defendant's silence in determining facts about the crime which bear upon the severity of the sentence. Id., 526 U.S. at 316-17. However, the Court specifically declined to opine as to whether the defendant's silence may bear upon his or her lack of remorse or acceptance of responsibility for the crime in setting the defendant's sentence. Id., 526 U.S. at 330.

In the case before us, the trial court did not draw any adverse inferences about the facts of the crime from the Defendant's refusal to answer the State's question. Rather, the trial court included the Defendant's silence in its overall calculus for determining whether the Defendant was a suitable candidate for probation. As set forth above, a criminal defendant's rehabilitative potential is a factor to be considered in the grant or denial of probation. Candor is a relevant factor in assessing a defendant's potential for rehabilitation, see State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994), and the lack of candor militates against the grant of probation. See, e.g., State v. Kendrick, 10 S.W.3d at 656. The burden of proving suitability for probation rests with the defendant. Tenn. Code Ann. § 40-35-303(b). Accordingly, we conclude that the trial court did not infringe upon the Defendant's rights under the Fifth Amendment to the United States Constitution, or Article I, Section 9 of the Tennessee Constitution, when it relied, in part, on the Defendant's assertion of those rights at sentencing, in order to deny probation. This issue is, therefore, without merit.

The record in this case overwhelmingly supports the trial court's denial of probation. In spite of his confessions to authorities shortly after committing the criminal conduct at issue, the Defendant claimed complete innocence at his sentencing hearing, blamed the victim, refused to accept any responsibility for his actions, and was profoundly unrepentant. While acknowledging past criminal conduct of a like nature, the Defendant steadfastly maintained that such behavior was behind him. The evaluation performed on the Defendant indicated him to be at high risk for re-offending and a poor candidate for sex offender treatment. The evaluation further recommended against the Defendant's release into the community. The trial judge rightly concluded that incarceration is the proper manner in which the Defendant should serve his agreed-upon sentence.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE