# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 10, 2003

## STATE OF TENNESSEE v. ROGER V. ALEXANDER

**Direct Appeal from the Circuit Court for Humphreys County**
**No. 10125     Allen W. Wallace, Judge**

---

### No. M2002-02185-CCA-R3-CD - Filed March 2, 2004

---

The Defendant, Roger V. Alexander, pled guilty to one count of possession of anhydrous ammonia, a Class E felony. The trial court sentenced the Defendant to four years in the Department of Correction. The Defendant now appeals, alleging that the trial court should have sentenced him to Community Corrections. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which Gary R. Wade, P.J., joined. DAVID G. HAYES, J., filed a concurring opinion.

Richard D. Taylor, Ashland City, Tennessee, for the appellant, Roger V. Alexander.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Lisa Donegan, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant pled guilty to one count of possession of anhydrous ammonia, a Class E felony. See Tenn. Code Ann. § 39-17-433(b). The plea agreement left sentencing to the trial court's discretion. At the sentencing hearing, the trial court determined the Defendant to be a Range II, multiple offender, see id. § 40-35-106(c), a classification the Defendant does not contest. The sentencing range for a multiple offender convicted of a Class E felony is two to four years. See id. § 40-35-112(b)(5). The trial court sentenced the Defendant to a term of four years in the Department of Correction. The Defendant argues that he should have been allowed to serve his sentence in Community Corrections.

Before a trial court imposes sentence upon a convicted criminal defendant, it must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and

characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; and (f) any statement the defendant wishes to make in the defendant's own behalf about sentencing. See Tenn. Code Ann. § 40-35-210(b); State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1996). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401 Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

At the time of sentencing, the Defendant was thirty-four years old, unmarried, and a high school graduate. He had no history of regular employment. Although he has a history of substance abuse, he was otherwise in good health. He testified that he paid two hundred dollars per month child support for two children by a previous marriage.

At the sentencing hearing, the State presented the testimony of the probation officer who prepared the presentence report. The State also submitted a copy of the presentence report and certified copies of the Defendant's prior convictions. Those convictions include possession of a controlled substance with the intent to manufacture, sell or deliver; unlawful carrying or possession of a weapon; attempting to introduce a controlled substance into a county jail; possession of Schedule IV barbiturates; two counts of sale of marijuana; and sale of cocaine. The Defendant also has numerous misdemeanor drug convictions. The Defendant presented only his own testimony. He stated that, although he had pled guilty to the instant charge, he had not committed the offense. He also testified that he had never received rehabilitation during his long history of drug abuse.

The trial court ruled as follows:

[The Defendant] presents little defense. There is not much evidence here. There is, however, evidence here that he is a seller. He went on in prison selling cocaine.

He has been convicted of selling marijuana got some - got some possessions charges in there. In this case there is no way that the man can make a living by himself. He sold his truck. He pays two hundred dollars a month child support. Before he got a divorce he has been painting houses now and then. The proof in this case - in this case is that he has not been gainfully employed. He is making it off of selling drugs.

Now I am not going to consider the sentencing - not for the purpose of the charges in Carroll County but for the credibility purpose. Here applies the reason why.

It is easy to explain everything found on him out on the Bone Anhydrous Ammonia Plant. I do not get it. Not hardly a week passes and someone is caught out there stealing anhydrous ammonia. He was caught over there on the road with anhydrous ammonia and there is no evidence that he is a farmer. This man is known for using and selling and now manufacturing meth. He is a Class 2 E Felon. He pled guilty to it here. I am convinced the reason for him pleading guilty at the time that he took the plea, is because he thought he was, and I think he was. I think I am going to sentence him to four years in the Tennessee Department of Corrections to be served.

The Defendant does not contest the trial court's imposition of the maximum term of four years, but claims that he should serve his sentence on Community Corrections rather than incarcerated. He points to the provision of our sentencing statutes that provides that those felons "who would be usually considered unfit for probation due to histories of chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution," may be placed in a Community Corrections program as an alternative to incarceration. Tenn. Code Ann. § 40-36-106(c). The Defendant testified that he had been abusing drugs for fifteen years and had never received treatment for his problem.

In this case, the trial court's findings are not adequate to support the presumption of correctness. Nevertheless, we are not persuaded that the trial court erred in not ordering the Defendant to serve his sentence on Community Corrections. During the sentencing hearing, the trial court indicated that it did not find the Defendant credible. As noted by the State, a trial court may consider a defendant's lack of candor during testimony in determining eligibility for an alternative sentence. See, e.g., State v. Souder, 105 S.W.3d 602, 608 (Tenn. Crim. App. 2002). We also note that the Defendant was previously placed on probation, only to have it revoked in 1999 for picking up new (drug related) convictions. The instant offense was committed in 2001. One of the considerations for sentencing a defendant to incarceration is that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(C). Another consideration indicating that confinement is appropriate is "a long

-3-

history of criminal conduct." Id. § 40-35-103(1)(A). While the Defendant's criminal history is nonviolent, it is lengthy and reflects a deep involvement in illegal drug trafficking. Accordingly, we agree with the trial court that incarceration is appropriate for this Defendant in this matter.

The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE