# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
March 9, 2004 Session

## STATE OF TENNESSEE v. MARCIN PIOTR MIKOLAJCZAK

**Appeal from the Circuit Court for Cheatham County**
**No. 14046    Robert E. Burch, Judge**

---

**No. M2003-01764-CCA-R3-CD - Filed April 27, 2004**

---

The appellant, Marcin Piotr Mikolajczak, pled nolo contendere to a charge of rape. As part of the plea agreement the appellant was sentenced as a standard offender for a Class B felony with the manner of service to be determined by the trial court. At the conclusion of the sentencing hearing, the trial court sentenced the appellant to serve eight years with the Department of Correction at 100% as a violent offender, without probation, split confinement or other alternative sentencing. The appellant now appeals alleging that the trial court erred in not granting alternative sentencing. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Michael J. Flanagan, Nashville, Tennessee, for the appellant, Martin Piotr Mikolajczak.

Paul G. Summers, Attorney General & Reporter; Richard H. Dunavant, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On February 19, 2002, the appellant, Marcin Piotr Mikolajczak, was contacted over the telephone by the victim B.S.,[1] then age 12. The victim requested that the appellant take her to school. When the appellant arrived at B.S.'s home, the two began talking. The victim sat in the appellant's lap, and she and the appellant began kissing. The two then went into the victim's

---

[1] It is the practice of this Court to refer to underage crime victims by their initials.

bedroom, where the appellant undressed the victim and himself. The appellant produced a condom and sexually penetrated the victim. No force was involved. The appellant then took the victim to school. That same afternoon the appellant left town to go to his mother's residence in Ohio, but later returned.

In the victim-impact statement of the father of the victim, he stated that the appellant borrowed another person's vehicle to go to B.S.'s house in order to avoid detection. The victim's mother, asserted in her statement that the appellant initially denied sexual contact. However, DNA comparison linked the appellant to semen found on the victim's bed sheet.

The appellant is a divorced father, and his son, his sister and her boyfriend live with him in a residence he purchased. The appellant has no prior record other than traffic and tinted windshield violations.

Both the victim's mother and father testified that B.S. has not been the same since the incident, that she cries all the time, goes for weeks without speaking and says her life is ruined. B.S.'s mother also stated that the incident has caused her to go on five medications and has destroyed the victim and both parents.

## Standard of Review for Sentencing

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. Tenn. Code Ann. §§ 40-35-103(5), -210(b); Ashby, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." Ashby, 823 S.W.2d at 169. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. See State v. Souder, 105 S.W.3d 602 (Tenn. Crim. App. 2002); State v. Pike, 978 S.W.2d 904, 926-27 (Tenn. 1998).

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. See State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). The weight given to each factor is left to the discretion of the trial court as long as it

comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. Id.

With respect to the appellant's challenge to the trial court's determination that he should serve his sentence in the Department of Correction, we note that the appellant is eligible for probation. See Tenn. Code Ann. § 40-35-303(a). However, because the appellant was sentenced as a standard offender for a Class B felony he is not presumptively entitled to an alternative sentence. See Tenn. Code Ann. § 40-35-102(6). Furthermore, in determining whether to grant probation, the trial court must consider the nature and circumstances of the offense; the defendant's criminal record, his background and social history; his present condition, including physical and mental condition; and the deterrent effect on the defendant. See Souder, 105 S.W.3d 602; State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999).

## Alternative Sentencing

The trial court denied the appellant split confinement or probation on the basis that confinement was necessary to avoid depreciating the seriousness of the offense, and due to the appellant's apparent lack of remorse for his actions. These are both appropriate grounds for the denial of an alternative sentence. Tenn. Code Ann. § 40-35-103(1); State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994); State v. Treca Finchum, No. E2001-01072-CCA-R3-CD, 2002 WL 31190924 at *9 (Tenn. Crim. App. at Knoxville, Oct. 2, 2002).

The victim's parents testified that the appellant's actions had devastated the entire family. Moreover, the undisputed facts of this case show that in actuality the appellant's actions constituted a child rape. See Tenn. Code Ann. § 39-13-522. That offense is not subject to probationary sentencing. See also State v. Gregory Pierce, E2001-01734-CCA-R3-CD, 2003 WL 367243 (Tenn. Crim. App. at Knoxville, Feb. 21, 2003) (holding that a trial judge in considering probation may properly look behind a plea bargain to the true nature of the offense committed.)

Finally, the trial court found:

> The facts before me, first of all, showed no expression of remorse on behalf of the defendant. He was sorry he got into this mess, but no expression of concern was ever made for the victim in this case.

The record supports the trial court's finding. The appellant first testified he was sorry he put himself in this situation he was in. Only later after prodding by the prosecution, did the appellant say he was sorry he put the victim in the situation.

Under these circumstances we find that the trial court properly denied any alternative sentencing.

## Conclusion

Based on the foregoing, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE