IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 5, 2004

## STATE OF TENNESSEE v. WILLIAM E. ROSS

**Appeal from the Circuit Court for Hardin County**
**No. 8270      C. Creed McGinley, Judge**

─────────────

**No. W2004-00079-CCA-R3-CD  - Filed November 10, 2004**

─────────────

The defendant, William E. Ross, pled guilty in the Hardin County Circuit Court to possession of less than one-half gram of cocaine with intent to sell, a Class C felony; possession of marijuana, a Class A misdemeanor; two counts of driving on a suspended license, second offense, a Class A misdemeanor; and resisting arrest, a Class B misdemeanor. Pursuant to the plea agreement, the trial court sentenced the defendant as a Range II, multiple offender to concurrent sentences of eight years for the felonious possession of cocaine conviction; eleven months, twenty-nine days for each Class A misdemeanor conviction; and six months for the resisting arrest conviction. The trial court was to determine the manner of service of the sentences. After a sentencing hearing, the trial court ordered that the defendant serve his sentences in confinement. The defendant appeals, claiming that he should have received alternative sentences. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Guy T. Wilkinson, District Public Defender, and Richard Warren DeBerry, Assistant Public Defender, for the appellant, William E. Ross.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; G. Robert Radford, District Attorney General; John W. Overton, Jr., Chief Deputy District Attorney General, for the appellee, State of Tennessee.

## OPINION

This case relates to the defendant's being stopped by the police twice while driving. At the guilty plea hearing, the state presented the following factual account of the crimes: On December 18, 2002, a police officer stopped the defendant for driving with a taillight out. The officer ran a computer check on the defendant's driver's license and learned that the defendant was driving on a revoked license. On January 23, 2003, a police officer saw the defendant driving and knew that

the defendant's driver's license had been revoked. The officer stopped the defendant and discovered that the defendant possessed crack cocaine and marijuana. When the officer tried to arrest him, the defendant resisted and had to be taken into custody forcibly.

No witnesses testified at the sentencing hearing. According to the defendant's presentence report, the then thirty-four-year-old defendant had obtained his GED in prison, had never been married, and had worked as a roofer and woodworker. In the report, the defendant stated that he had a problem with alcohol and first drank alcohol when he was six years old. The defendant also stated that he had a drug problem and sometimes used cocaine daily. He reported having no physical problems but stated that he had been attending Teen Challenge meetings recently. The report shows that the defendant has at least eight prior convictions, including convictions for armed robbery, aggravated burglary, theft of property valued over one thousand dollars, theft of property valued over five hundred dollars, and driving under the influence (DUI). The report also shows the defendant has had his parole revoked before. At the time the presentence report was prepared, the defendant was in jail for having been arrested for public intoxication.

The trial court noted that as a Range II offender, the defendant was not entitled to the presumption that he is a favorable candidate for alternative sentencing. See T.C.A. § 40-35-102(6). The trial court also noted that the defendant had an extensive prior criminal record, including several serious felonies. Based upon the defendant's criminal history, the trial court denied his request for alternative sentencing. On appeal, the defendant argues that he is presumed to be a favorable candidate for alternative sentencing because he was convicted of a Class C felony and because the state has failed to overcome the presumption. The state argues that the trial court properly denied alternative sentencing. We agree with the state.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Commission Comments. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if incarceration is appropriate, a trial court should consider that (1) confinement is needed to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is needed to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) less restrictive measures than confinement have frequently or recently been applied unsuccessfully to the defendant. Ashby, 823 S.W.2d at 169 (citing T.C.A. §

40-35-103(1)(A)-(C)).  Additionally, a trial court should consider a defendant's potential or lack of potential for rehabilitation.  T.C.A. § 40-35-103(5).

The defendant was not entitled to the presumption that he is a favorable candidate for alternative sentencing because he was sentenced as a Range II offender.  See State v. Souder, 105 S.W.3d 602 (Tenn. Crim. App. 2002) (citing T.C.A. § 40-35-104(6)).  Moreover, the trial court held that the defendant's criminal history justified his serving his sentences in confinement.  We agree. The defendant has committed at least eight crimes since he was eighteen years old, including an armed robbery and two aggravated burglaries.  The defendant stated in his presentence report that he had problems with drugs and alcohol, but he had never sought treatment for his addictions.  This demonstrates that the defendant has a low potential for rehabilitation.  We affirm the trial court's denial of the defendant's request for alternative sentencing.

Based upon the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, JUDGE