# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 23, 2014

## STATE OF TENNESSEE v. HEATHER LEE LANE

**Appeal from the Circuit Court for Sullivan County**
**No. S61151      R. Jerry Beck, Judge**

---

**No. E2013-01855-CCA-R3-CD-FILED-SEPTEMBER 10, 2014**

---

Defendant, Heather Lee Lane, pleaded guilty to violation of a habitual traffic offender order, a Class E felony, with an agreed upon sentence of two years as a Range II multiple offender with the trial court to determine manner of service of the sentence. The trial court ordered Defendant to serve her two-year sentence in confinement. On appeal, Defendant contends the trial court erred by denying her alternative sentencing. We conclude the trial court did not abuse its discretion in sentencing Defendant. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Stephen M. Wallace, District Public Defender; and Joseph H. Harrison, Assistant Public Defender, Blountville, Tennessee, for the appellant, Heather Lee Lane.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Barry P. Staubus,  District Attorney General; and Josh Parsons, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I.  Background

At the guilty plea submission hearing, Defendant stipulated to the following facts contained in the Affidavit of Complaint by Officer William A. Clane, III:

I, the affiant named below, after being sworn, state under oath that on or about April 29, 2012 at 8:53 PM, in Sullivan County Tennessee, Heather L Lane committed the offense(s) of violation(s) of TCA Driving While Restr. In Effect (Habitual Traffic Offender) (T.C.A. 55-10-616)

I further state under oath that the essential facts constituting the offense(s), the sources of my information and the reasons why this information is believable and reliable are as follows:

On 04/29/2012 at 2053 hours, I was dispatched to Farragut Avenue in reference to a blue Chevrolet Lumina with Virginia tags being driven by [Defendant]. Central Dispatch advised that [Defendant] is unlicensed and a Habitual Traffic Offender. I observed a vehicle matching Central Dispatch's description drive past me at the intersection of Farragut Ave and Lafayette Circle.

I initiated a traffic stop on the blue Chevrolet Lumina, VA tag XAP-8758, and identified the driver as [Defendant].

I confirmed that [Defendant] is a Habitual Traffic Offender.

*Sentencing Hearing*

At the sentencing hearing the presentence report was admitted into evidence. The trial court made the following findings concerning Defendant's prior criminal record:

At age 31 [Defendant] was convicted of vandalism, [Class] A[]misdemeanor, in the General Session Court at Kingsport, 11-29 suspended. Disorderly conduct at age 31; 30 days in jail; $25 fine. Probably suspended. At age 31, public intoxication; 30 days.

I'd point out the first three entry occurred [sic] on the same - three entries occurred on the same day.

She has an escape from prison out of the Washington County Criminal Court, I believe that's in Tennessee, which was to run consecutive to a Sullivan County Case.

She has a conviction for criminal impersonation at age 28; six months suspended except 30 days. Also at age 28 on a different day, shoplifting;

11 months, 29 days suspended but ten days. At age 28 on a different day she was convicted of criminal trespass, [Class] C[]misdemeanor; 30 days suspended.

At age 27, criminal impersonation; six months; fined $50. Doesn't show whether it was suspended or not. Has a - on . . .

At age 27, automobile burglary out of the Sullivan County Criminal Court; 180 days jail; the rest suspended. Arising on the same day, another automobile burglary; age 27; two years; serve 180 days.

Then a bunch of automobile burglaries at Page 7: first entry, second entry, third entry, fourth entry, fifth entry, and sixth entry charging automobile burglary and theft. Bunch of felonies.

Misdemeanor theft at age 27; unlawful drug paraphernalia at age 27; all convictions. Evading arrest, risk of death; three years.

\*     \*     \*

Has an assault at age 24, 40 - all suspended but 45 days. She has an assault at age 24 on a police officer. Of course, the law's the same, I guess, whether you're a police officer or not. Eleven (11) months and 29 days; 45 days to serve.

\*     \*     \*

That brings us down to the last entry on Page 9, a conviction for DUI; 11 months suspended except for 90 days; go to DUI school.

At age 24, driving on a revoked license; six months; fined $25. Improper use of vehicle registration; 30 days; $25 fine; [Class] C[]misdemeanor. No insurance; fine of $100 at age 24.

At age 23, looks like a - a theft. And I take it it was a shoplifting. She was banned from Proffitt's [Department Store].

\*     \*     \*

Public possession of intoxicating liquor by a person under 21 at age 19; 11 months and 29 days; suspended except two days.

The trial court also noted from the presentence report that Defendant had completed high school and had obtained a certificate in building trades and carpentry from the Tennessee Prison for Women, which was a "favorable factor." The court stated that Defendant's physical health was poor due to a liver disease, and her mental health was fair. Defendant had admitted to the heavy use of alcohol, and she began smoking marijuana at the age of eighteen. She smoked it from 1995 until 1998. Defendant also began using cocaine at the age of eighteen, and she tried LSD mushrooms in 2001. The trial court noted that Defendant began using morphine intravenously in 2004, and her last use was in 2007. She began using heroin intravenously in 2004 and would drive to Richmond, Virginia, to make the purchases which totaled $400 to $500 per month. Defendant began receiving alcohol and drug treatment in 2012. The trial court noted that Defendant planned to reside with her ex-husband if released. The court also reviewed Defendant's sparse employment history.

The thirty-four-year-old Defendant testified that she lived with her ex-husband, their fourteen-year-old daughter, and her ex-husband's mother in Gate City, Virginia. Defendant said that she also stayed with her mother sometimes. Defendant admitted that she had been unemployed for the past two years. She further admitted that she had an extensive history of drug abuse. Defendant testified that her main problem was with morphine or heroin that she used intravenously. At one point, she was using $100 worth of morphine per day. Defendant admitted that she had used marijuana within two weeks of the sentencing hearing. Defendant testified that she was enrolled in a Drug Treatment Program at Crossroads Treatment Center in Weaverville, North Carolina, at the time of the sentencing hearing. She was required to attend counseling sessions once per month at the treatment center. Defendant told the court that on July 19, 2011, she had pleaded guilty to vandalism, disorderly conduct, and public intoxication, and she was placed on probation. She was later found guilty of violating that probation and ordered to serve seventy-five days. The present offenses occurred on April 29, 2012. When asked why the trial court should grant probation or alternative sentencing, Defendant replied: "Because I'm really trying now to do better and to be a better mom[.]"

## II.    Analysis

On appeal, Defendant contends the trial court erred by denying her some form of alternative sentencing. Defendant asserts that the trial court "erroneously interpreted and applied applicable law" in denying "all forms of alternative sentencing." We disagree.

As interpreted by the Tennessee Supreme Court, sentences imposed by a trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a "presumption of reasonableness." *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This standard of review extends to alternative sentences as well. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012)("[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence."). When the trial court follows the statutory sentencing procedure and gives due consideration to the factors and principles relevant to sentencing, this court may not disturb the sentence even if we had preferred a different result. *See State v. Carter*, 254 S.W.3d 335, 344-46 (Tenn. 2008).

In determining "the specific sentence and the appropriate combination of sentencing alternatives," the trial court must consider: (1) the evidence at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the applicable mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code. Ann. § 40-35-210(b).

Our sentencing law provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. T.C.A. § 40-35-102(5), (6). Additionally, a trial court is "not bound" by the advisory sentencing guidelines; rather, it "shall consider" them. *Id*. § 40-35-102(6)(D). We note that "the determination of whether the [defendant] is entitled to an alternative sentence and whether the [defendant] is entitled to full probation are different inquiries." *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). The defendant has the burden of establishing his or her suitability for full probation, even if the defendant should be considered a favorable candidate for alternative sentencing. T.C.A. § 40-35-303(b); *Boggs*, 932 S.W.2d at 477. In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002).

In determining whether incarceration is appropriate, the trial court must consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant....

T.C.A. § 40-35-103(1); *see also Carter*, 254 S.W.3d at 347.

Defendant was an eligible candidate for probation. *See* Tenn. Code Ann. § 40-35-102(6)(A). Because she was convicted of a Class E felony, Defendant was also considered a favorable candidate for probation. Tenn. Code Ann. §§ 39-14-105(5); 40-35-102(6)(A).

In considering Defendant's sentence in this case, the trial court found that the "unfavorable factors heavily outweigh any favorable factor on everything we've gone over." Under the abuse of discretion standard with a "presumption of reasonableness" set forth in *Bise*, we cannot say that the trial court erred by ordering Defendant to serve two-year sentence in confinement. The trial court followed statutory sentencing procedures and gave due consideration to the factors and principles relevant to sentencing Defendant. The trial court properly considered the purposes and principles of the Sentencing Act. The manner in which the trial court ordered Defendant serve her sentence was not arbitrary or capricious and fully accords with statutory law. Accordingly, Defendant is not entitled to relief.

Based on our review of the record and applicable case law, we affirm the judgment of the trial court.

THOMAS T. WOODALL, JUDGE