IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 29, 2025

## STATE OF TENNESSEE v. DAVID A. YOST, JR.

**Appeal from the Criminal Court for Knox County**
**No. 125071    G. Scott Green, Judge**

---

### No. E2025-00263-CCA-R3-CD

---

The Defendant, David A. Yost, Jr., appeals from his guilty-pled convictions for unlawful possession of a firearm by a person with a prior felony drug conviction, simple possession of marijuana, and two counts of possession of drug paraphernalia, for which he received an agreed-to, effective eight-year sentence.  The trial court initially denied the Defendant's request for alternative sentencing and ordered the Defendant to serve his sentence in confinement.  Following the Defendant's appeal of this sentencing determination, this court reversed and remanded the case based on the trial court's failure to make the appropriate findings and articulate its reasoning for imposing a sentence of incarceration.  On remand, the trial court again ordered confinement.  In the instant appeal, the Defendant challenges, for a second time, the trial court's denial of alternative sentencing as an abuse of discretion.  After review, we affirm the judgments of the trial court.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

KYLE A. HIXSON, J., delivered the opinion of the court, in which JILL BARTEE AYERS and TOM GREENHOLTZ, JJ., joined.

J. Liddell Kirk (on appeal), Madisonville, Tennessee, and Michael Graves (at plea and sentencing hearings), Knoxville, Tennessee, for the appellant, David A. Yost, Jr.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General; Charme P. Allen, District Attorney General; and Robert Debusk, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I.    FACTUAL AND PROCEDURAL HISTORY[1]

Based on events that took place on February 15, 2023, and March 5, 2023, the Defendant was charged in count 1 with unlawful possession of a firearm by a person with a prior felony drug conviction, a Class C felony; in count 2 with simple possession of marijuana, a Class A misdemeanor; and in counts 3 and 4 with possession of drug paraphernalia, a Class A misdemeanor. *See* Tenn. Code Ann. §§ 39-17-418, -425, -1307(B)(1). The Defendant waived the presentation of his case to a grand jury and pled guilty via information to each of these charges on June 9, 2023. Pursuant to the plea agreement reached in this case, the Defendant, a Range II, multiple offender, received sentence terms of eight years for the firearm offense and eleven months and twenty-nine days for the misdemeanor offenses, all to be served concurrently; the manner of service was to be determined by the trial court.[2]

The trial court held a sentencing hearing on September 13, 2023. The State entered the Presentence Investigation Report ("PSI") as an exhibit to the hearing. Regarding the underlying offenses for counts 1 through 3 that occurred on February 15, 2023, the PSI indicated that officers responded to an aggravated assault call, which led them to the Defendant, who was unconscious on a nearby sidewalk. Upon a search of the Defendant's person, officers found a firearm, marijuana, and drug paraphernalia. The Defendant had two prior felony drug convictions at this time. At the sentencing hearing, the State asserted that "the stipulated facts show[ed] that he had pointed that gun at a victim and had cocked it and said that, 'This is for stepping out of bounds last week,' referring" to an earlier

---

[1] This court has previously granted the Defendant's motion requesting that we take judicial notice of the archived appellate record in *State v. Yost*, No. E2023-01457-CCA-R3-CD, 2024 WL 4296930 (Tenn. Crim. App. Sep. 26, 2024), *no perm. app. filed*. *See* Tenn. R. App. P. 13(c); *e.g.*, *Harris v. State*, 301 S.W.3d 141, 147 n.4 (Tenn. 2010) (noting that an appellate court may take judicial notice of its own records), *overruled on other grounds by Nunley v. State*, 552 S.W.3d 800, 828 (Tenn. 2018). As such, we rely on the archived appellate record to assist in the resolution of these proceedings.

[2] We note that the guilty plea transcript is not included in the record on appeal or the archived appellate record. "[A] transcript of the guilty plea hearing is often (if not always) needed in order to conduct a proper review of the sentence imposed." *State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999). However, we find the record sufficient for review and will consider the Defendant's sentencing issue on its merits, notwithstanding the absence of the transcript of the guilty plea. *See State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) (our supreme court holding that, when a guilty plea hearing transcript is absent, this court "should determine on a case-by-case basis whether the record is sufficient for a meaningful review").

incident. According to the PSI, the Defendant admitted the wrongfulness of his conduct by being in possession of a weapon, and he claimed that he was only trying to protect his family. The February 15, 2023 incident led to the guilty-pled convictions for unlawful possession of a firearm by a person with a prior felony drug conviction, simple possession of marijuana, and possession of drug paraphernalia.

The PSI also showed that the Defendant was arrested twice while on bond for the February 15, 2023 incident. First, the Defendant was arrested in Knox County on March 5, 2023, following a traffic stop, for driving on a revoked license, and a search of the vehicle revealed heroin, marijuana, pills, and drug paraphernalia, some of which was claimed by the other occupants of the vehicle. This resulted in his guilty-pled conviction for possession of drug paraphernalia in count 4 of the instant case. He was also arrested for evading arrest in Blount County on May 4, 2023, to which he pled guilty on May 15, 2023. Additionally, the parties stipulated that, in early August of 2023, while on bond for the instant offenses, the Defendant overdosed on cocaine, had to be given Narcan, and was transported to the hospital.

The PSI reflected that the Defendant was age twenty-nine and had completed high school in 2011 and vocational-education training at the Whiteville Correctional Facility in 2022. The Defendant had two minor children and had past employment in the food industry and for a moving company. The Defendant reported excellent physical health and good mental health, although he had been diagnosed with anxiety when he was younger and attended outpatient counseling. Additionally, it noted that the Defendant last reported alcohol use in May 2023 and that he reported daily marijuana use beginning at age eleven with his last reported use in July 2023. The Strong-R assessment scored the Defendant as a high risk to reoffend for drug use.

The PSI further detailed the Defendant's criminal history, which consisted of two prior felony convictions for cocaine possession and multiple misdemeanor convictions for public intoxication, resisting arrest, evading arrest, domestic violence, driving under the influence, simple possession of marijuana, casual exchange, unlawful possession of drug paraphernalia, and driving while his license was in a suspended or revoked status. It noted his affiliation with the Vice Lords gang, last confirmed in 2018; twenty-eight disciplinary infractions during previous incarcerations; and four disciplinary infractions while in custody for the offenses in the instant case. The PSI also reflected that the Defendant had one parole revocation and one probation revocation during his previous history of supervision by the Tennessee Department of Correction.

Defense counsel contested, in part, the State's articulation of the facts regarding the February 15, 2023 incident, arguing that the Defendant did not point a gun at anyone and that it was merely found in his possession. Defense counsel then acknowledged that the Defendant had "a pretty extensive [criminal] history" and that, in addition to a previous instance with cocaine in which he overdosed, the Defendant had also "tested positive" immediately prior to the sentencing hearing. Defense counsel also noted that the Defendant had secured lawful employment and needed to provide support for his wife and minor children. He argued that "drugs [were] the issue" behind the Defendant's criminal activity and requested that the Defendant be given the opportunity to receive rehabilitative treatment while on probation rather than the trial court "just incarcerating him."

After argument, the trial court sentenced the Defendant to a term of eight years to be served in the Tennessee Department of Correction. In imposing this sentence, the trial court cited the Defendant's criminal history, violations of supervised release, continued drug use, and high risk to reoffend rating. It noted that, based upon its calculations, the Defendant was "still on parole or some form of release status when [he] picked up this case." The trial court also expressed concern regarding the Defendant's overdose, which occurred after he pled guilty to the offenses in this case; the fact that the Defendant had cocaine in his system at the sentencing hearing; and the danger that combining drug use and firearms posed to the Defendant and those around him.

The Defendant timely appealed his sentence, asserting that the trial court erred by denying an alternative sentence. On appeal, this court noted that "[t]he record reflect[ed] that the trial court was concerned with the Defendant's drug use, criminal history, and history of violating probation." *Yost*, 2024 WL 4296930, at *3. However, the panel concluded that the trial court "failed to acknowledge the requisite statutory considerations or to articulate the reasons for the sentence of full confinement in accordance with the purposes and principles of sentencing." *Id.* (citing *State v. Pitts*, No. E2022-01375-CCA-R3-CD, 2023 WL 4363415, at *4 (Tenn. Crim. App. July 6, 2023)). As such, this court reversed and remanded the judgments "for the limited purpose of allowing the trial court to make appropriate factual findings and to fully articulate its reasoning in accordance with applicable statutes and case law as to whether the Defendant should receive an alternative sentence or a sentence of incarceration." *Id.* (citing Tenn. Code Ann. § 40-35-401(c)(3)).

On January 23, 2025, the trial court entered an order detailing its findings regarding the Defendant's sentence, in which it incorporated its previous findings. It found that confinement was necessary to protect society by restraining the Defendant, who had a long and extensive criminal history. *See* Tenn. Code Ann. § 40-35-103(1)(A). As evidence, it

cited the Defendant's two prior felony convictions, twelve misdemeanor convictions, the Defendant's arrest and conviction for evading arrest in Blount County while on bond in this case, and the Defendant's continued drug use while on bond in this case, which resulted in an overdose and a positive test result for cocaine on the date of his sentencing hearing. The trial court also found confinement was necessary because less restrictive measures than confinement had been frequently or recently applied unsuccessfully to the Defendant. *See id*. § -103(1)(C). It noted that the Defendant had a history of violating probation and parole and had violated the conditions of his pretrial release by engaging in multiple instances of unlawful activity while awaiting disposition in the instant case. Additionally, the trial court found that the Defendant was not amenable to rehabilitation, noting its consideration of the Strong-R assessment, which had rated the Defendant as a high risk to reoffend. *See id*. § -103(5). Based on these findings, the trial court imposed a sentence of confinement. This timely appeal followed.

## II.    ANALYSIS

On appeal, the Defendant argues that the trial court abused its discretion by ordering a sentence of confinement. Specifically, he argues the trial court erred by finding his criminal history was "long and extensive" because it consisted primarily of drug-related offenses and mostly of misdemeanor convictions incurred when the Defendant was a teenager and young adult. The Defendant also contends that the trial court erred by finding he had a history of violating supervised release because two "isolated" instances did not constitute a "history." Next, he asserts that the trial court based its confinement decision partially on disputed facts regarding the Defendant's use of a firearm and a mistaken belief that the Defendant was on parole when he committed the instant offenses. Lastly, the Defendant alleges that the trial court did not properly consider his potential for rehabilitation given his acknowledgment of the wrongfulness of his conduct, his willingness to receive treatment for his drug addiction, and his desire to provide for his family. The State contends that the trial court properly exercised its discretion by sentencing the Defendant to confinement.

When an accused challenges the length of a sentence or manner of service, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *see also State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (applying the *Bise* standard to "questions related to probation or any other alternative sentence"). The party challenging the sentence imposed by the trial court has the burden of establishing that

the sentence is erroneous.  Tenn. Code Ann. § 40-35-401, Sent. Comm'n Cmts.; *see also State v. Arnett*, 49 S.W.3d 250, 257 (Tenn. 2001).

This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute."  *Bise*, 380 S.W.3d at 709-10.  Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a different result.  *See State v. Carter*, 254 S.W.3d 335, 346 (Tenn. 2008).  Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," a punishment sufficient "to prevent crime and promote respect for the law," and consideration of a defendant's "potential or lack of potential for . . . rehabilitation[.]"  Tenn. Code Ann. § 40-35-102(1), (3), (5); *see Carter*, 254 S.W.3d at 343.  Ultimately, in sentencing a defendant, a trial court should impose a sentence that is "no greater than that deserved for the offense committed" and is "the least severe measure necessary to achieve the purposes for which the sentence is imposed."  Tenn. Code Ann. § 40-35-103(2), (4).

The Sentencing Reform Act was enacted in order "to promote justice" and "assure fair and consistent treatment of all defendants by eliminating unjustified disparity in sentencing and providing a fair sense of predictability of the criminal law and its sanctions."  *Id.* § -102.  In determining the proper sentence, the trial court must consider: (1) the evidence adduced at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (6) any statistical information provided by the Administrative Office of the Courts ("AOC") as to Tennessee sentencing practices for similar offenses; (7) any statement the defendant wishes to make in the defendant's own behalf about sentencing; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report.  *Id.* § -210(b).

A trial court should consider the following when determining a defendant's suitability for alternative sentencing:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

*Id.* § -103(1).

Here, the Defendant's agreed-upon effective sentence of eight years was within the appropriate range for a Range II, multiple offender, who had been convicted of a Class C felony. *See id.* § -112(b)(3). As a Range II, multiple offender, the Defendant was not a favorable candidate for alternative sentencing. *See id.* § -102(6)(A). Moreover, a defendant with a long history of criminal conduct and "evincing failure of past efforts at rehabilitation" is presumed unsuitable for alternative sentencing. *Id.* § -102(5). "[A] defendant's prior convictions shall be considered evidence to the contrary and, therefore, a defendant who is being sentenced for a third or subsequent felony conviction involving separate periods of incarceration or supervision *shall not* be considered a favorable candidate for alternative sentencing." *Id.* § -102(6)(A) (emphasis added). This is the Defendant's third felony conviction, and his two prior felony convictions involved separate periods of incarceration.

In its January 2025 order, the trial court articulated its consideration of two of the three factors provided in Tennessee Code Annotated section 40-35-103(1): confinement was necessary to protect society from the Defendant, who had a long history of criminal conduct, *see id*. § -103(1)(A), and measures less restrictive than confinement had recently been applied unsuccessfully to the Defendant, *see id.* § -103(1)(C). The trial court also found that the Defendant was "not amenable to rehabilitation." *See id.* § -103(5). The trial court explained its reasoning behind each of these findings by citing the Defendant's prior convictions, multiple instances of illegal conduct while on bond in this case, continued drug use, prior violations of probation and parole, and high risk to reoffend as rated by the Strong-R assessment. Therefore, the trial court's sentencing decision complied with the purposes and principles of sentencing. *See id.* §§ -102, -103(1).

As to the Defendant's arguments that the trial court erred by finding that he had a "long and extensive" criminal history, had a history of violating supervised release, and was not amenable to rehabilitation, the record reflects that the trial court was presented with and not persuaded by these arguments. "Provided the trial court complies with the

purposes and principles of the Criminal Sentencing Reform Act of 1989 and its findings are adequately supported by the record, the weight afforded to [other] factors is left to the trial court's discretion." *State v. Souder*, 105 S.W.3d 602, 606 (Tenn. Crim. App. 2002); *see also State v. Bottoms*, 87 S.W.3d 95, 103 (Tenn. Crim. App. 2001) (upholding the trial court's conclusion that confinement was necessary to protect the public by restraining a defendant with a long criminal history based on the defendant's four misdemeanor convictions and continued drug use); *State v. Anderson*, 985 S.W.2d 9, 20-21 (Tenn. Crim. App. 1997) (concluding that the trial court properly considered the defendant's unsuccessful completion of less restrictive measures, one probation violation and one parole violation, when it denied alternative sentencing).

Regarding the Defendant's argument that the trial court mistakenly believed he was on parole when he committed the instant offenses, the State concedes that the Defendant was not on parole at the time. At the sentencing hearing, the trial court stated—apparently incorrectly—that the Defendant may have been "on parole or some form of release status when [he] picked up this case[.]" Regardless, the record does not reflect that the trial court relied upon its mistaken belief that the Defendant was on parole at the time of the instant offenses as a basis to deny alternative sentencing either in its initial sentencing decision or its January 2025 order. As to the Defendant's argument that the trial court applied a disputed fact regarding the Defendant's use of a firearm, the record also does not show that the trial court considered this fact in rendering its decision. The trial court only mentioned the potential danger in combining firearms and drug use, which the Defendant's present convictions involved regardless of whether he pointed the firearm at someone.

The Defendant has failed to establish an abuse of discretion or otherwise overcome the presumption of reasonableness afforded to sentences that reflect a proper application of the purposes and principles of our statutory scheme. We are satisfied that the trial court properly exercised its discretion in sentencing the Defendant to serve his eight-year sentence in confinement. As such, the Defendant is not entitled to relief.

## II.    CONCLUSION

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

s/ Kyle A. Hixson
KYLE A. HIXSON, JUDGE

- 8 -