IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 24, 2006

## STATE OF TENNESSEE v. MICHAEL STEPHEN COX

**Appeal from the Criminal Court for Sullivan County**
**No. S49,710     R. Jerry Beck, Judge**

—————————

**No. E2005-02857-CCA-R3-CD - Filed April 16, 2007**

—————————

Michael Stephen Cox, the defendant, appeals from a denial of his application for alternative sentencing. The defendant entered a best interest guilty plea, pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970), to reckless aggravated assault (Class D felony) for a two-year sentence, with the manner of service to be determined by the trial judge. After a hearing, alternative sentencing was denied and the defendant was ordered to serve two years of confinement as a Range I, standard offender. After review, we conclude that the denial of alternative sentencing was proper and affirm the sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, J., joined.

Stephen M. Wallace, District Public Defender, and Joseph H. Harrison, Assistant Public Defender, for the appellant, Michael Stephen Cox.

Robert E. Cooper, Jr., Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and B. Todd Martin, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The reckless aggravated assault charge resulted from the defendant attacking an acquaintance with a knife for refusing the defendant's request for a beer. An agreed stipulation of facts was recited prior to the entry of the defendant's plea. The stipulation provided the following summary:

> [T]he State's proof would have been that on September 12, 2004, officers
> from the Kingsport Police Department responded to the Wellmont Emergency
> Department in reference to a subject being cut with a knife. Upon arrival, they spoke
> with the victim in this case, Paul Miller. Mr. Miller was intoxicated and the officer,

however, was familiar enough with him to assess that he was . . . he hadn't been that drunk.

Mr. Miller relates that he was walking home from Food City with a friend, the Defendant here today, and Mr. Cox had asked for a beer that the victim had purchased. The victim denied him the beer and told Mr. Cox to get a job and buy his own beer. It was at that point that they became involved in an altercation, and Mr. Cox pulled a knife and tried to cut the victim. He did, in fact, cut him across the left hand, which required 19 stitches to close the wound.

The victim in this case, Paul Miller, was uncooperative with law enforcement in their investigation. He would not give the name of the friend, but did indicate that if officers found out on their own, he would cooperate with law enforcement.

After Mr. Miller was treated and released, officers responding to the scene observed evidence there and collected that. They then received a call of disturbance at 1526 Waverly Road, Apartment 2, which is where the Defendant was. When they knocked on the door, Mr. Cox came to the door with a knife, saying that he would do it again. He was ordered to drop the knife and step out. At that point, his mother came out and was indicating that the Defendant was bragging about stabbing Mr. Miller. He was placed under arrest, and a blue pocket knife with blood on it was taken from him. Those would have been the States' [sic] facts.

At his sentencing hearing on December 15, 2005, the defendant testified that he was fifty years old and had not worked since 2001. He stated he had been homeless for almost three years but had acquired living quarters since he was awarded disability status. The defendant's highest educational level was the ninth grade. He stated that he began drinking at nine years of age and drank heavily from age fifteen. He stated that he had not consumed hard liquor since December of 2004, but he admitted to drinking beer on the previous day. In listing his health problems, he claimed that he was bipolar and that he had active hepatitis, chronic obstructive pulmonary disease, sleep apnea, and brain damage.

The presentence report reflected a long history of misdemeanor convictions which extended back to the defendant's juvenile years. The adult convictions consisted of eleven public intoxications, four resisting arrests, four disorderly conducts, criminal trespass, assault, possession of a weapon with intent to go armed, and speeding. The defendant also admitted to convictions in Florida for public intoxication and resisting arrest.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. T.C.A. § 40-35-401, Sentencing Commission Comments; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). When a defendant appeals the length, range, or manner of service of his or her sentence, it is this court's duty to conduct a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d).

The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we had preferred a different result. State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

A defendant, at the time of this sentencing, was eligible for probation if the actual sentence imposed was eight years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. See T.C.A. § 40-35-303(a) (2003). A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. See T.C.A. § 40-35-102(6); see also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001).

Guidance as to what constitutes "evidence to the contrary" to rebut the presumption of alternative sentencing is found in Tennessee Code Annotated section 40-35-103, which provides that confinement may be ordered when:
(A)     Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B)     Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C)     Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]
T.C.A. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

The defendant must demonstrate that probation would serve the ends of justice and the best interest of both the public and the defendant. State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002).

This defendant was eligible for alternative sentencing. He sought either probation or sentencing through Community Corrections. Although the trial court considered the alternative of a community corrections sentence, this defendant was ineligible due to his conviction for a violent crime involving the use of a weapon. See T.C.A. § 40-36-106(a)(1)(C), (D). Thus, the defendant did not meet the minimum criteria for placement in Community Corrections.

The defendant sought service in the community due to his chronic alcohol abuse as an alternative to incarceration pursuant to Tennessee Code Annotated section 40-36-106(c). The trial

court considered the alternative but noted that the record reflected the defendant had been in numerous programs previously and found that "[t]hey have not accomplished anything." The trial court stated that he saw no hope that Community Corrections could correct any of the defendant's problems. This finding is fully supported by the record.

In considering an alternative sentence, the trial judge noted the continuous history of the defendant's offenses, most of which were associated with alcohol abuse. It was observed that both the defendant's social and work histories were poor. Although the defendant had often been placed on probation, it had not produced a positive effect. The trial judge concluded by saying he saw nothing positive to commend the defendant for alternative sentencing and required that he serve the sentence in confinement.

The record supports the trial judge's order of confinement in this case. Although this was the defendant's first felony conviction, he has compiled an extensive record of misdemeanor offenses. Many of these offenses involved probation or suspended sentences without positive results. Past rehabilitative efforts have not been successful. The defendant has not met his burden of demonstrating that probation would serve the ends of justice or the public and the defendant's best interests.

## Conclusion

After review of the record and for the foregoing reasons, we affirm the sentence as imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE