# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 7, 2008

## STATE OF TENNESSEE v. DAVID MARK McDADE

### Appeal from the Circuit Court for Williamson County
### No. II-CR092884    R.E. Lee Davies, Judge

_____

### No. M2008-00463-CCA-R3-CD - Filed April 3, 2009

_____

The defendant, David Mark McDade, pled guilty to one count of aggravated assault, a Class C felony, and was sentenced to four years in the Department of Correction as a Range I, standard offender.  The defendant appeals, arguing that the trial court erred in denying the defendant full probation and ordering him to serve his sentence in confinement.  After reviewing the record, we conclude that the trial court properly sentenced the defendant and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Vanessa Pettigrew Bryan, District Public Defender; Dana M. Ausbrooks, Assistant District Public Defender, for the appellant, David Mark McDade.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Kim R. Helper (on appeal) and Ronald L. Davis (at trial), District Attorneys General; Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that in September 2007 the Williamson County Grand Jury returned a one-count presentment charging the defendant with aggravated assault.  The presentment alleged that on August 13, 2007, the defendant "unlawfully, intentionally, or knowingly and feloniously caused bodily injury to Ronnie D. Shelton, by use or display of a deadly weapon, to-wit: a baseball bat. . .

." On December 17, 2007, the defendant pled guilty to the offense as charged in the presentment. The parties agreed that the defendant would be sentenced to four years as a Range I, standard offender, with the manner of service left to the discretion of the trial court.

At the sentencing hearing, Officer Mark Livengood with the Williamson County Sheriff's Department testified that on August 13, 2007, he responded to a "fight call" at the defendant's residence "with a report [that] the subject had been hit with a baseball bat." Upon arriving at the defendant's residence, the officer saw the victim, Ronnie Shelton, lying on the ground with "a severe laceration on the left side of his forehead. He was obviously unconscious and appeared to be in a seizure." The victim was airlifted to Vanderbilt University Hospital. On cross-examination, Officer Livengood said that although the defendant was not present when he arrived, he turned himself in to police a few hours after the incident.

The victim testified that he did not remember the events which led to his being hit with the baseball bat, nor did he remember being treated at Vanderbilt for his injuries. The victim said that as a result of the attack, he was left blind in his left eye and suffered from ongoing dizzy spells which prevented him from working more than two to three days per week and required him to take pain medication. The victim said that he and the defendant had been friends for all their lives and that he was unsure what "possessed" the defendant to attack him.

Harry Morel testified that he owned a small farm on which both the defendant and the victim resided. He said that the defendant drove a tractor for him and was provided free lodging in a trailer on the farm, while the victim rented a trailer from him. Morel said that he never knew the defendant to be a violent person and that he was unaware of any problem between the defendant and the victim before the attack. Morel testified that he did not see the attack, but once he learned about it, he encouraged the defendant to turn himself in to police. Morel said that the victim was not supposed to visit the defendant's house, and had the victim followed this rule, this incident would not have happened.

At the conclusion of the sentencing hearing, the trial court denied the defendant's request for full probation and ordered the defendant to serve his four-year sentence in the Department of Correction. The defendant subsequently filed a timely notice of appeal.

ANALYSIS

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The principles of sentencing reflect that a defendant's sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). Accordingly, our sentencing act provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); see also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The following considerations provide guidance regarding what constitutes "evidence to the contrary" for purposes of the statute:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-103.

The defendant was convicted of a Class C felony as a Range I, standard offender. Thus, he was entitled to be considered a favorable candidate for alternative sentencing. However, a defendant has the burden of establishing his or her suitability for full probation, even if the defendant is entitled to be considered a favorable candidate for alternative sentencing. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). No criminal defendant is automatically entitled to probation as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant must demonstrate that probation would "subserve the ends of justice and the best interests of both the public and the defendant." State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (citations omitted). Furthermore, under Tennessee's revised sentencing act, the provision that certain defendants should be considered favorable candidates for alternative sentencing is an "advisory sentencing guideline" that the trial court "shall consider, but is not bound by . . . ." Tenn. Code Ann. § 40-35-102(6).

The defendant asserts that none of the factors for rebutting the statutory provision that he should be considered a favorable candidate for alternative sentencing, identified in Tennessee Code Annotated section 40-35-103(1), apply in this case. We disagree. At the sentencing hearing, the trial court found that all three factors applied. The record supports the trial court's findings. Regarding the "confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct" factor, the record reflects that the defendant has a lengthy history of

convictions, dating to 1982, for offenses such as larceny, forgery, theft, and failure to appear. Regarding the "confinement is necessary to avoid depreciating the seriousness of the offense" factor, the trial court noted that "this was a brutal beating and it's just completely unacceptable in our society today to attack someone like that." Finally, regarding the factor whereby "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant," the pre-sentence report indicates that on two separate occasions, in 1992 and in 2001, the defendant failed to report to his parole officer and his parole was revoked. Concluding that the trial court properly denied the defendant probation, we deny him relief.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

4