IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 19, 2009

**STATE OF TENNESSEE v. WILLIAM LEE SMITH**

**Appeal from the Criminal Court for Sullivan County**
**No. S52,385     R. Jerry Beck, Judge**

---

**No. E2008-02188-CCA-R3-CD - Filed October 26, 2009**

---

The Defendant, William Lee Smith, pled guilty in the Sullivan County Criminal Court to four counts of reckless aggravated assault and one count of driving under the influence (DUI). Pursuant to the plea agreement, the Defendant agreed to serve two years of his sentence on supervised probation; the manner of service of the remaining four years of his sentence was left to the determination of the trial court which ordered it served in incarceration. In this appeal as of right, the Defendant contends that he should have been granted full probation or some other alternative sentence for the four-year sentence. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Stephen M. Wallace, District Public Defender; and Joseph F. Harrison, Assistant District Public Defender, attorneys for appellant, William Lee Smith.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and James F. Goodwin, Jr., Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

Although a stipulation of facts is absent from the guilty plea submission hearing, we are able to glean from the record that on July 28, 2006, the Defendant, while driving recklessly and under the influence of alcohol at a high rate of speed, collided with another vehicle. The driver of the other vehicle, Carla Marie Collins, suffered serious injuries as a result of the accident and died the following day. Three children – ages three, six, and eleven – were in the Defendant's vehicle. The Defendant exhibited signs of intoxication at the scene and reported to officers that he had consumed four or five beers.

The Defendant was initially charged with three counts of reckless aggravated assault relative to each child victim, one count of vehicular homicide, and one count of DUI, first offense. Pursuant to a plea agreement, the Defendant entered nolo contendere pleas to four counts of reckless aggravated assault and one count of DUI. As part of the negotiated plea agreement, the Defendant was sentenced to concurrent two-year sentences for each of the reckless aggravated assault offenses involving the children. The parties also agreed that the Defendant would serve a four-year sentence for the remaining reckless aggravated assault count, with manner of service left to the discretion of the trial court. The agreement further provided for an eleven month and twenty-nine-day sentence for the DUI to be served concurrently with the four-year sentence. Additionally, as part of the plea agreement, the parties agreed that the two-year sentence would be served on supervised probation consecutively to the sentence imposed for the remaining reckless aggravated assault count. Following the entry of the nolo contendere pleas, the trial court conducted a hearing to determine the manner of service of the four-year sentence.

The Defendant testified that he, at the time of hearing, was a thirty-six year old father of three children. He stated that he financially supported his oldest child but, since the accident, had not supported the two youngest children because their mother would not let him see them. At the time of the hearing, the Defendant did not know the whereabouts of his two youngest children. He testified that he had worked as a masonry apprentice for about three years. Although denying that he was an alcoholic, the Defendant stated that he was "basically drunk constantly" after his break-up with the younger children's mother. He expressed remorse for the accident and explained that he was momentarily distracted by checking his toddler son's car seat buckle when the accident occurred. However, he also acknowledged that his blood alcohol test revealed a blood alcohol content of .17 within an hour of the accident. The Defendant testified that he had completed successfully all other forms of probation for offenses he committed in the past and asked the trial court to impose probation for the reckless aggravated assault count under consideration.

Carl Eugene Robertson, the deceased victim's father, testified regarding the loss of his daughter. He stated that her loss had been devastating to him and his family. The victim was a single mother of a twenty-year-old daughter at the time of her death. Mr. Robertson asked that justice be done for the senseless loss of his daughter. The victim's sister-in-law, Lisa Gay DePew, testified that she took in the victim's daughter after the victim's death. She stated that her niece feels like her life was ruined the day her mother died. Her niece also quit school after the victim's death.

At the conclusion of the hearing, the trial court noted the Defendant's history of prior convictions including a series of traffic offenses which it found significant in light of the offenses in this case. The trial court found that the Defendant's social history of dropping out of school and intermittent employment weighed against granting alternative sentencing. The trial court further noted that the Defendant, while successfully completing several probationary sentences, continued to violate the law. As factors weighing in favor of alternative sentencing, the trial court noted the Defendant's remorse and financial responsibility for three children. However, the trial court found significant the Defendant's conviction of vandalism while on bond for the present case. Ultimately, the trial court denied probation and alternative sentencing, stating that "if I granted him probation

again this Court would have no reasonable assurance he would not commit new crimes."[1] The trial court ordered the Defendant to serve four years incarceration as a Range I, standard offender followed by two years supervised probation.

ANALYSIS

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The principles of sentencing reflect that a defendant's sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). Our sentencing act also provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); see also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The following considerations provide guidance regarding what constitutes "evidence to the contrary" for purposes of the statute:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-103.

---

[1] Notably, the record reveals that the trial court revoked the Defendant's appeal bond in this case following his conviction for second offense DUI, speeding, resisting arrest, evading arrest, and driving on a revoked license committed two months after sentencing in this case.

The Defendant was convicted of a Class D felony as a Range I, standard offender. Thus, he was entitled to be considered a favorable candidate for alternative sentencing. However, a defendant has the burden of establishing his or her suitability for full probation, even if the defendant is entitled to be considered a favorable candidate for alternative sentencing. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). No criminal defendant is automatically entitled to probation as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant must demonstrate that probation would "subserve the ends of justice and the best interests of both the public and the defendant." State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (citations omitted). Furthermore, under Tennessee's revised sentencing act, the provision that certain defendants should be considered favorable candidates for alternative sentencing is an "advisory sentencing guideline" that the trial court "shall consider, but is not bound by . . . ." Tenn. Code Ann. §40-35-102(6).

The record reveals that the trial court gave consideration to each factor in arriving at its decision to deny the Defendant's request for full probation and in requiring the sentence for a fourth count of reckless aggravated assault to be served in custody prior to the service of the remaining sentences on supervised probation. The Defendant's criminal history and vandalism conviction committed while on bond for the offenses reflect poorly on his potential for rehabilitation. Therefore, we affirm the judgment of the trial court.

CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-