IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 28, 2009 at Knoxville

## STATE OF TENNESSEE v. FRANK DODSON

**Appeal from the Circuit Court for Franklin County**
**No. 17713-C     J. Curtis Smith, Judge**

─────────────────

**No. M2008-01372-CCA-R3-CD - Filed August 17, 2009**

─────────────────

The defendant, Frank Dodson, entered a guilty plea in the Franklin County Circuit Court to possession of cocaine, a Class C felony. At sentencing, the trial court imposed a Range I sentence of four years to be served on probation following the service of one hundred eighty days in the Franklin County Jail. In this appeal as of right, the defendant contends that the trial court erred in denying him full probation. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Phillip A. Condra, District Public Defender; and Vanessa King, Assistant District Public Defender, attorneys for appellant, Frank Dodson.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; J. Michael Taylor, District Attorney General; and Steven M. Blount, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The record reflects that the defendant and two codefendants were indicted for offenses of manufacturing crack cocaine, possession with the intent to sell or deliver .5 grams or more of cocaine, and possession of drug paraphernalia. It further appears that the indictments arose from evidence recovered during the May 1, 2007, search of a codefendants' residence. On June 10, 2008, following an unsuccessful motion to suppress, the defendant entered a best interest plea to possession of cocaine.

Although the transcript of the guilty plea submission hearing is absent from the record, we are able to glean from the transcript of the sentencing hearing that the defendant was visiting friends in Franklin County when a search warrant was executed at one friend's residence. Evidence of the

manufacturing of crack cocaine was recovered at the residence as well as evidence of cocaine recovered from the defendant himself. In his statement to the presentence investigator, the defendant explained that he was holding the drugs for a friend and that he "was at the wrong place at the wrong time." The presentence report also reflects a substantial number of misdemeanor convictions for driving-related offenses. Additionally, the defendant is a college graduate who has been unemployed since 2005. Because this conviction is the defendant's first felony conviction, the defendant sought full probation at sentencing.

In determining the four year sentence, the trial court applied only one enhancement factor – that the defendant has a previous history of criminal convictions beyond that necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1), based upon the defendant's lengthy history of misdemeanor convictions. The trial court ordered the defendant to serve one hundred eighty days of his sentence in jail, followed by "probation with public service and the normal requirements of probation" for the remaining portion of his sentence. The trial court denied the defendant's request for full probation based upon the "consistently long and numerous violations . . . that . . . is some indication of [the defendant's] lack of potential for rehabilitation."

An appellate court's review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, on appeal the burden is on the defendant to show that the sentence is improper. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, the court may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

The principles of sentencing reflect that a defendant's sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). Accordingly, our sentencing act provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Id. § 40-35-102(6); see also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). However, contrary to the defendant's argument, there is no longer a presumption in favor of alternative sentencing for such offenders. The following considerations provide guidance regarding what constitutes "evidence to the contrary" for purposes of the statute:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely

to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-103.

The defendant was convicted of a Class C felony as a Range I, standard offender. Thus, he was entitled to be considered a favorable candidate for alternative sentencing. However, a defendant has the burden of establishing his or her suitability for full probation, even if the defendant is entitled to be considered a favorable candidate for alternative sentencing. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). No criminal defendant is automatically entitled to probation as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant must demonstrate that probation would "subserve the ends of justice and the best interests of both the public and the defendant." State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (citations omitted). Furthermore, under Tennessee's revised sentencing act, the provision that certain defendants should be considered favorable candidates for alternative sentencing is an "advisory sentencing guideline" that the trial court "shall consider, but is not bound by . . . ." Tenn. Code Ann. §40-35-102(6).

On appeal, the defendant asserts that he should have been granted full probation because, he argues, the trial court did not find applicable any "evidence to the contrary" requiring a sentence of confinement as found at Tennessee Code Annotated section 40-35-103(1)(A)-(C) before engaging in a consideration of the remaining sentencing considerations found in section 40-35-103(2)-(6). There is no formulaic approach to the sentencing considerations found in section 40-35-103. Furthermore, the record reveals that the trial court gave consideration to each factor in arriving at its decision to deny the defendant's request for full probation and in requiring the defendant to serve a portion, one hundred eighty days, of his sentence in confinement before release on probation. The defendant's criminal history spanning most of a decade supports the trial court's sentence. Therefore, we affirm the judgment of the trial court.

CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE