IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 24, 2009

**STATE OF TENNESSEE v. BARRY RANDY HALL**

**Appeal from the Criminal Court for Sullivan County**
**No. S54,160    R. Jerry Beck, Judge**

**No. E2008-01419-CCA-R3-CD- Filed August 27, 2009**

The Defendant, Barry Randy Hall, pled guilty to one count of facilitation to sell 0.5 grams or more of cocaine within 1,000 feet of a school and one count of selling 0.5 grams or more of cocaine, both Class B felonies. The parties agreed to a ten-year sentence on the facilitation to sell conviction and an eight year sentence on the selling of 0.5 grams or more conviction, to be served concurrently. At the sentencing hearing, the trial court denied probation and alternative sentencing and ordered the Defendant to serve the entirety of his sentence in confinement. The Defendant challenges the denial of alternative sentencing in this appeal. After reviewing the record, we conclude that the trial court properly sentenced the defendant and affirm the judgments of the trial court.

**Tenn. R. App. P.  3 Appeal as of Right;  Judgments of the Criminal Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON P.J., and JAMES CURWOOD WITT, JR., J., joined.

Stephen M. Wallace , District Public Defender; and Andrew J. Gibbons, Assistant District Public Defender, attorneys for appellant, Barry Randy Hall.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

**OPINION**

The Sullivan County Grand Jury indicted the Defendant on one count of selling 0.5 grams of a Schedule II controlled substance (cocaine) within 1,000 feet of a school (count 5), one count of delivering 0.5 grams of cocaine within 1,000 feet of a school (count 6), one count of selling 0.5 grams of cocaine (count 7), and one count of delivering 0.5 grams of cocaine (count 8). Defendant entered a guilty plea to one count of facilitation to sell 0.5 grams or more of cocaine within 1,000 feet of a school (count 6 merged with count 5) and one count of selling 0.5 grams or more of cocaine (count 8 merged with count 7). A sentencing hearing was held to determine whether the trial court

would grant probation or alternative sentencing. Finding that the Defendant had an extensive criminal record, was already on probation, failed a drug test while awaiting sentencing, and did not have any means of employment, the trial court denied probation and all forms of alternative sentencing. The Defendant's sole issue on appeal is that the trial court erred in denying all forms of alternative sentencing.

The facts are not in dispute. On July 3, 2007, the Defendant and his girlfriend, Kristina Dawn Catron, met with Detective Ray Hayes, an undercover detective with the Sullivan County Sheriff's Department. Detective Hayes drove the Defendant and Ms. Catron to a residence in Kingsport, Tennessee. Ms. Catron left the vehicle, went into the residence, and returned with 0.5 grams of cocaine, which she gave to Detective Hayes for one hundred dollars.

On July 17, 2007, Detective Hayes met the Defendant and Ms. Catron in a restaurant parking lot in Sullivan County, Tennessee, where Detective Hayes gave the Defendant and Ms. Catron one hundred and fifty dollars. The Defendant and Ms. Catron left the restaurant and returned twenty minutes later with another individual and two small, clear bags, which contained .07 grams of cocaine. The Defendant and Ms. Catron gave the cocaine to Detective Hayes and left the parking lot. After the transaction, officers with the Sullivan County Sheriff's Department arrested the Defendant and Ms. Catron.

Ms. Catron and the Defendant testified at the alternative sentencing hearing on June 25, 2008. The Defendant stated that he had only maintained steady employment for approximately one year and has been addicted to marijuana for nine or ten years and crack cocaine for "about a year." Ms. Catron stated that although the Defendant knew about the drug transactions and used the proceeds to support his drug habit, she was the "primary actor." According to Ms. Catron and the Defendant, the Defendant participated in the drug transactions because he was afraid for Ms. Catron's safety and did not want her to be alone "with anybody that he didn't know."

The Defendant admitted that he had a drug problem and needed treatment for his addictions to marijuana and crack cocaine. In fact, the Defendant tested positive for marijuana and cocaine on May 5, 2008. Before he was tested, the Defendant told the probation officer that he would test positive for marijuana; however, he did not mention that he may test positive for cocaine. The Defendant stated that he was "shocked" at the test results. The Defendant insisted that he did not realize that the marijuana cigarette he smoked was laced with cocaine.

After reviewing the presentence report and the testimony from Ms. Catron and the Defendant, the court denied probation and all forms of alternative release. The court commented on the Defendant's one favorable factor, that the Defendant graduated from high school. However, the court found that the Defendant's negative factors outweighed the positive. In its ruling, the court highlighted the Defendant's refusal to identify his sources for drugs, his lack of steady employment, and the fact that he was currently on probation in another county when these offenses occurred. The court also noted the Defendant's positive drug test results for cocaine and marijuana a month and a half prior to sentencing.

ANALYSIS

When reviewing the trial court's imposition of a sentence, the appellate court shall conduct a de novo review on the record, with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the necessary sentencing principles as well as all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party has the burden of showing that the imposed sentence is improper. Id. If review of the record reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Should the record fail to demonstrate the required considerations by the trial court, then appellate review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

The principles of sentencing reflect that a defendant's sentence "should be no greater than that deserved for the offense committed" and "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), (4). A defendant is eligible for probation when the "sentence actually imposed upon the defendant is ten (10) years or less." Tenn. Code Ann. § 40-35-303(a).

No criminal defendant is automatically entitled to probation as a matter of law. State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). The defendant has the burden of establishing his or her suitability for full probation. See State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). The defendant must demonstrate that probation would "subserve the ends of justice and the best interests of both the public and the defendant." State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (citations omitted). The following considerations provide guidance in determining whether the defendant should receive a sentence of confinement:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000). In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-102, -103, -210.

The Defendant was convicted of two Class B felonies as a Range I, standard offender. On appeal, the Defendant asserts that the judgment of the trial court should be reviewed without a presumption of correctness because, he argues, "the record does not reveal that the trial judge adequately considered sentencing principles and all relevant facts and circumstances." Specifically, according to the Defendant, the trial court ignored the Defendant's "minor role in the underlying

offenses" and the Defendant's acknowledgment of "a need and desire for treatment for his drug addiction."

After reviewing the record, we conclude that the court considered the necessary sentencing principles and the relevant facts and circumstances in this particular case. Therefore, we will conduct a de novo review on the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d).

According to the record, the Defendant was on probation when he committed these offenses. The Defendant has been unable to maintain steady employment and was uncooperative with the trial court when asked to identify his sources for drugs. The Defendant also tested positive for marijuana and crack cocaine while he was awaiting sentencing. While the Defendant states that he was "shocked" that the marijuana cigarette he smoked prior to sentencing was laced with cocaine, the Defendant admitted to smoking marijuana because awaiting sentencing "was a stressful thing for me."

The Defendant's lack of candor with the court and the fact that he was currently on probation when he committed these offenses were reason enough to deny probation. Tenn. Code Ann. § 40-35-103(1)(C); see State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994) (holding that the defendant's "credibility and willingness to accept responsibility" are important factors in the sentencing decision). The court's decision was correct in light of the sentencing principles. Accordingly, we conclude that these findings are supported by the record and affirm the judgments of the trial court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE