# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 17, 2010

## STATE OF TENNESSEE v. STEVIE LEONARD KELLY

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 40200691, 40300337, 40300585, 40601294, 40700567    John H. Gasaway, Judge**

### No. M2009-01269-CCA-R3-CD - Filed April 14, 2010

The defendant, Stevie Leonard Kelly, appeals the sentencing decision of the Montgomery County Circuit Court. The defendant pled guilty to one count of possession of a Schedule II controlled substance and two counts of evading arrest. He was subsequently sentenced to concurrent sentences of ten years for the drug conviction and five years for each evading arrest. The trial court further ordered that the effective ten-year sentence be served in the Department of Correction consecutive to sentences for which the defendant was found to be in violation of probation. On appeal, the defendant challenges the sentences, specifically contending that: (1) the trial court improperly weighed the enhancing and mitigating factors in determining the sentence lengths; (2) the court erred in ordering that the sentences be served in confinement; and (3) consecutive sentencing was improperly imposed. Following review of the record, we conclude that: (1) a challenge based upon the weighing of enhancement or mitigating factors is no longer a ground for appeal; (2) no abuse of discretion resulted from the court's decision that confinement was necessary because measures less restrictive than confinement had recently been applied; and (3) no abuse of discretion resulted from the court's decision to impose consecutive sentencing based upon the fact that the defendant was on probation at the time the offenses were committed. Accordingly, we affirm the sentences as imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

S. Wayne Clemons, Jr., Clarksville, Tennessee, for the appellant, Stevie Leonard Kelly.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy P. Stempel, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual Background

In three separate cases in 2005, the defendant pled guilty to manufacture of a counterfeit controlled substance, possession of more than .5 grams of cocaine with intent to resell, and two counts of joyriding. As a result, he received an effective sentence of eight years, eleven months, and twenty-nine days, which was suspended to probation. In 2006, while still on probation, the defendant incurred new charges for possession of a Schedule II controlled substance with intent to sell or deliver, tampering with evidence, theft of property between $1000 and $10,000, driving on a revoked license, and two counts of evading arrest.

At a September 5, 2008 hearing, the defendant admitted all violations of probation and waived a hearing in those cases. At the same time, he also entered open pleas to possession of a controlled substance with intent to sell or deliver as a Range I offender and to two counts of evading arrest as a Range II offender. The remaining charges were dismissed. At the conclusion of the hearing, the trial court ordered the defendant to attend a one-hundred-and-eighty-day rehabilitation program and postponed sentencing in all cases until the defendant had been given the opportunity to complete the program.

A subsequent sentencing hearing was conducted on May 28, 2009, at which the State introduced the presentence report, as well as a letter from the rehabilitation program indicating that the defendant had voluntarily left the program because he could not comply with the rules of the program. The presentence report indicated that the defendant had three prior felony convictions and four prior misdemeanor convictions. The report also noted that the defendant had incurred a new charge for criminal trespass two months prior to the instant hearing.

The defendant also testified at the hearing. He testified that he had been actively participating in the rehabilitation program, which required him to be able to work Monday through Friday of each week. According to the defendant, he was unable to comply with this requirement because he had epileptic seizures for which he had to visit the doctor. He further related that the head of the program told him that he had to work even if he was sick and that, if he could not work, he could not remain in the program. The defendant testified that he did not voluntarily leave the program but, rather, felt he was "kicked out."

After hearing the evidence presented, the trial court ordered that the defendant serve the balance of his previously suspended sentences in the Department of Correction. Additionally, the court sentenced the defendant to concurrent sentences of ten years for the possession conviction and of five years for each evading arrest conviction. The court further ordered that the new sentences were to be served in the Department of Correction consecutive to the prior sentences imposed. The defendant now timely appeals the sentencing decision.

**Analysis**

On appeal, the defendant appeals the sentences imposed in his later convictions. He does not challenge the revocation of his probation or sentences imposed in those cases. On appeal, he specifically asserts that: (1) the trial court improperly weighed the enhancement and mitigating factors in determining the sentence lengths; (2) the trial court erred in ordering that the sentences be served in confinement; and (3) the trial court erred in ordering consecutive sentencing.

When an accused challenges the length, range, or manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d) (2006); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn.1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The burden is on the defendant to show that the sentencing was improper. T.C.A. §40-35-401, Sentencing Comm'n Cmts.

When conducting a *de novo* review of the sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-102, -103, -210 (2006); *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).

**I. Length of Sentences**

First, the defendant argues that "because the trial court improperly weighed the enhancing and mitigating factors, the sentences were excessive . . . and inconsistent with the purposes of sentencing." As previously noted, the defendant was sentenced as a Range I offender to ten years for the drug conviction and to five years for each evading arrest conviction as a Range II offender. In imposing the ten-year sentence, the court found two enhancement factors applicable, that the defendant had a previous history of criminal convictions and that the defendant was on probation at the time the offense was committed. The court also applied two mitigating factors, that the criminal conduct involved neither caused or threatened serious bodily injury and the catchall factor because the guilty plea obviated the necessity of having a jury trial which saved time, effort, and expense. In imposing the five-year sentences, the court applied one mitigating factor and one enhancement factor, that the defendant had been released on probation at the time the offenses were committed. The court again applied the catchall mitigating factor, based upon the savings incurred as a result of the plea. The defendant does not contest the application of these factors; he complains only that the court erred by "improperly giving the enhancing factors more weight than the mitigating factors."

The defendant's criminal conduct, which is the subject of this appeal, occurred subsequent to the enactment of the 2005 Amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. *State v. Stacey Joe Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). As further explained by our supreme court in *Carter*,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," a punishment sufficient "to prevent crime and promote respect for the law," and consideration of a defendant's "potential or lack of potential for . . . rehabilitation[.]"

*Id*. (citations and footnote omitted). The 2005 Amendment further deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory and nonbinding in the sentencing determination. Under current sentencing law, the trial court is, nonetheless, required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. *Id*. at 344. However, the trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. *Id*. at 344. Moreover, error in the application of enhancing factor or factors will not necessarily require modification of the sentence if the sentencing record reflects that in determining the specific sentence length, the trial court considered the provisions of Tennessee Code Annotated section 40-35-210(b)(1)-(7). Under these guidelines, we proceed to review the defendant's argument.

As stated above, the defendant's argument is misplaced under the applicable law. In *Carter*, our supreme court specifically stated that under the 2005 amendments, a claim that the trial court did not properly weigh the enhancement and mitigating factors is no longer a ground for appeal. *Id*. at 344. The record reflects that in determining the specific sentence lengths, the trial court considered the provisions of Tennessee Code Annotated section 40-35-210, as well as all the required principles of sentencing. As such, the determination of the sentence lengths was left to the sound discretion of the trial court, and we find no error in the court's exercise of its discretion.

## II. Alternative Sentencing

Next, the defendant complains that the trial court erred in denying his request for alternative sentencing, specifically probation, because the finding that "confinement was necessary was an abuse of the court's discretion." Specifically, he contends that in making its determination that measures less restrictive than confinement had frequently or recently been applied to the defendant, the court failed to give sufficient weight to the defendant's testimony that his recent attempt at rehabilitation had been unsuccessful because the defendant was prevented from complying due to his epilepsy.

A defendant who does not possess a criminal history showing a clear disregard for society's

laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6). The following considerations provide guidance regarding what constitutes "evidence to the contrary":

> (A)    Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B)    Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C)    Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. . . .

T.C.A. § 40-35-103(1); *see also State v. Hooper*, 29 S.W.3d 1, 5 (Tenn. 2000). Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. T.C.A. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. T.C.A. § 40-35-103(5).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. T.C.A. § 40-35-303(a) (2006). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. T.C.A. § 40-35-303(b). No criminal defendant is automatically entitled to probation as a matter of law. T.C.A. § 40-35-303(b), Sentencing Comm'n Cmts; *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant must demonstrate that probation would serve the ends of justice and the best interests of both the public and the defendant. *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002). In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. *Id*.

While the defendant was eligible for a sentence of probation based upon his sentence length, it is apparent from the record that the trial court did not find the defendant to be an appropriate candidate for a probationary sentence. The defendant's argument essentially asks this court to reweigh his testimony regarding why he was unable to comply with the rehabilitation program's requirements. However, that is not the province of this court. By his own admission, the defendant could not complete the program. The trial court heard the defendant's assertions as to why and, based upon its ruling, implicitly rejected them. Review of the record before us reveals that the trial

court considered the requisite factors in making its determination that the defendant was not entitled to an alternative sentence based upon the fact that measures less restrictive than confinement had recently been applied unsuccessfully. The record supports this. A letter was admitted from the rehabilitation center stating that the defendant "voluntarily" left the program because he could not comply with the rules. The record further indicates that the defendant has an extensive criminal history and was on probation when he committed the instant offenses. Moreover, the defendant was arrested for criminal trespass just prior to his sentencing hearing. We conclude that the trial court did not err in reaching its conclusion that the defendant failed to carry his burden of establishing his suitability for an alternative sentence.

## III. Consecutive Sentencing

Finally, the defendant contends that the trial court erred in ordering that the sentences imposed in case numbers 40200691, 40300337, and 40300585, be served consecutively. The defendant asserts that the court's decision should be reviewed *de novo* with no presumption of correctness because, in addition to finding that the offenses were committed while on probation, the court considered the inappropriate criteria of the defendant's failure to complete the rehabilitation program.

Tennessee Code Annotated section 40-35-115 governs the imposition of consecutive sentencing. Under the statute, a trial court may order sentences to run consecutively if it finds by a preponderance of the evidence that:

(1) The defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person . . . ;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor . . . ;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

T.C.A. § 40-35-115(b) (2006). The trial court has the discretion to order consecutive sentencing if it finds that one or more of the required statutory criteria exists. *State v. Black*, 924 S.W.2d 912, 917

(Tenn. Crim. App. 1995). However, the presence of any single factor is enough to justify the imposition of consecutive sentences. *Id.* Whether sentences are to be served concurrently or consecutively is a matter addressed to the sound discretion of the trial court. *State v. Adams*, 973 S.W.2d 224, 230-31 (Tenn. Crim. App. 1997).

In ordering that the sentences be served consecutively, the trial court stated as follows:

Under the B(6) portion the Court is justified if in its discretion it believes sentences should be served consecutively because the Defendant is being sentenced for an offense that is committed while on probation.

The Court has also considered that not only was [the defendant] on a release status and subject to the conditions and rules and regulations . . . , he was given an opportunity by the Court to engage in a rehabilitation program.

As noted, the defendant does not dispute the fact that he was on probation when the instant offenses were committed. He only argues that the trial court's decision should not be reviewed with a presumption of correctness as the court considered criteria, namely the defendant's unsuccessful participation in the rehabilitation program, not specifically enumerated in the statute. This argument is misplaced. The record clearly indicates that the defendant was on probation while the offenses in this case were committed. Only a finding of one criterion is required to impose consecutive sentencing. There was no abuse of discretion in the trial court's determination.

## CONCLUSION

Based upon the foregoing, the sentences are affirmed as imposed.

_____
JOHN EVERETT WILLIAMS, JUDGE