IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2017 at Knoxville

**STATE OF TENNESSEE v. JESSE CHARLES GERG**

**Appeal from the Criminal Court for Davidson County**
**No. 2016-I-841       Cheryl A. Blackburn, Judge**

_____

**No. M2017-00601-CCA-R3-CD**

_____

The defendant, Jesse Charles Gerg, was sentenced to eight years in confinement by the trial court for his Class D felony conviction for child abuse. On appeal, the defendant argues the trial court improperly enhanced his sentence as a Range II offender from the minimum of four years to the maximum of eight years in violation of the purposes and principles of the Tennessee Criminal Sentencing Reform Act. The defendant also argues the trial court failed to properly consider his request for alternative sentencing. Following our review of the briefs, the record, and the applicable law, we affirm the eight-year sentence to be served in confinement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Lawrence Ballew, Nashville, Tennessee, for the appellant, Jesse Charles Gerg.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Glenn Funk, District Attorney General; and Jeff George, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On November 10, 2016, the defendant entered a guilty plea for child abuse of a minor under the age of eight years old in violation of Tennessee Code Annotated section 39-15-401(a). At the guilty plea hearing, the State recited the following facts surrounding the abuse into the record:

Your Honor, in this case the victim is the child of the defendant's girlfriend. The victim's birthday is 12-22 of 2010. She was four-years (sic) old at the time of this incident. The victim is also diagnosed with autism and mental retardation.

When the child's baby-sitter was changing her diaper, she noticed multiple concerning marks on the child's buttocks and confronted the defendant. The defendant admitted to her that he caused the injuries by striking the victim multiple times with a belt. The defendant also admitted that he caused the same injuries to the victim's mother who is his girlfriend. Officers responded and documented the victim's injuries and noted multiple black, blue, and red lateral marks and bruising on the victim's buttocks. Elizabeth Rogers, who is an investigator with the Department of Children's Services, interviewed the defendant and the defendant admitted to her that he, quote, spanked [the victim] with a belt a little too hard. The defendant also stated that because the victim is autistic, quote, she gets out of control sometimes and starts throwing food and hitting the walls. And the defendant stated, the victim was out of control, quote, so I had to pop her. All of these facts occurred in Davidson County.

The defendant agreed to the accuracy of the facts, but claimed at the time of the abuse, the victim "was trying to put objects in the electrical outlets and . . . she just kept doing it over and over." After a thorough plea colloquy, the trial court found the guilty plea was "voluntarily and factually based," and entered a conviction for child abuse against the defendant.

Prior to sentencing, the State filed a "Statement of Enhancement Factors and a Notice of Enhanced Punishment" with the trial court. According to the State, five enhancement factors applied to the defendant, including: (1) "[t]he defendant has a previous history of criminal behavior in addition to those necessary to establish the appropriate range;" (2) "[the] victim of the offense was particularly vulnerable because of age or physical or mental disability;" (3) "[t]he defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community;" (4) "[a]t the time the felony was committed, the defendant was released on probation;" and (5) "[t]he defendant abused a position of public or private trust in a manner that significantly facilitated the commission or the fulfillment of the offense." Tenn. Code Ann. § 40-35-114 (1), (4), (8), (13)(C), (14). In its notice, the State also relied on two prior, Class E felony convictions from Wilson County upon which it sought to seek enhanced punishment, including a conviction for burglary of an automobile entered on May 11, 2009 and a conviction for conspiracy to obtain drugs by fraud entered on May 14, 2011. During the sentencing hearing, the State presented evidence in support of the

above listed enhancement factors. The State's evidence included the presentence report, which listed twenty-three prior misdemeanor convictions, certified copies of the defendant's prior felony convictions, and photos of the injured victim. The defendant then testified on his own behalf.

Regarding the abuse, the defendant stated he did not intend to harm the victim when he hit her with a belt. Rather, the defendant stated he was disciplining the victim "[o]ut of . . . [c]oncern for her safety," because she kept placing objects in an electrical outlet. The defendant stated, "I take full responsibility for what I've done, and I'm sorry for what happened." The defendant then read a letter into the record, stating the following:

> Okay. I'm sorry -- I'm sorry for what I have done. I have been incarcerated since January 2016. I haven't been in any trouble. This time in jail has made me do a 180 percent turnaround for my life. I have certification for the New Life program, which is a class that took fourteen weeks and twenty hours of classroom instruction to complete. Will you, please, give me one chance to have a suspended sentence. I have a family for support that really needs me right now. I'm not a bad person. I want a chance to become a successful family man. What I did was an accident and not intentional. I'm ready for a new life. Just give me one chance to have this suspended sentence. I promise I will not let you down. Thank you and have a blessed day.

During his testimony, the defendant confirmed his two prior felony convictions and stated he was arrested for a probation violation in January 2016. The defendant asked the trial court to "give [him] a suspended sentence at four years."

On cross-examination, the defendant admitted that while on probation for his 2009 and 2011 crimes, he violated his probation twice. One violation occurred after he was arrested for simple assault in Washington County. The defendant also identified the victim in the photographs entered into evidence by the State. The defendant admitted the photographs showed the injuries he inflicted on the victim by hitting her with a belt. The defendant disagreed with the State that the images showed "bruising all over [the victim's] bottom," stating he "only spanked her three to four times." The defendant further explained he hit the victim because she "was going to electrocute herself on a live outlet." The defendant stated he "tried and tried to tell her to stop and pull[] her away, and she just kept going back and doing the same thing." According to the defendant, he hit the victim with a belt "out of concern for her safety," and he denied losing his temper with her. The trial court asked the defendant if he knew the victim "was retarded and autistic," to which the defendant stated, "[y]es." Upon its consideration of the evidence,

the trial court sentenced the defendant to eight years' incarceration, and the defendant timely appealed.

## ANALYSIS

On appeal, the defendant argues the trial court erred in enhancing his sentence to the maximum sentence within the applicable range and in denying his request for alternative sentencing. The defendant contends his eight-year sentence of confinement "is excessive because the [t]rial [c]ourt abused its discretion by an improper consideration of factors pursuant to [Tennessee Code Annotated section] 40-35-103(b) and failure to make findings of fact or reasoning for its denial of the [d]efendant's opportunity for probation or split confinement." The State argues the eight-year sentence of incarceration is within-range and complies with the purposes and principles of sentencing. After our review, we conclude the defendant failed to establish that the eight-year, within-range sentence to be served in confinement is improper. Accordingly, we affirm the sentence.

It is well settled that this Court reviews within-range sentences and alternative sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Once the trial court has determined the appropriate sentencing range, it "is free to select any sentence within the applicable range." *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-210(d)). When determining a defendant's sentence and the appropriate combination of sentencing alternatives, trial courts are to consider the following factors:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b). The trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40-35-210(e); *Bise*, 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. A trial court's sentence "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10.

The 2005 revised sentencing statutes advise that a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). In contrast, however, "[a] defendant with a long history of criminal conduct and 'evincing failure of past efforts at rehabilitation' is presumed unsuitable for alternative sentencing." *State v. Bridget Bondurant Shirer*, No. M2015-01486-CCA-R3-CD, 2016 WL 6407480, at *5 (Tenn. Crim. App. Oct. 31, 2016) (citing Tenn. Code Ann. § 40-35-102(5)); *see also* Tenn. Code Ann. § 40-35-102(6). No criminal defendant is automatically entitled to probation as a matter of law. *State v. Davis*, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant bears the burden of proving his or her suitability for alternative sentencing options. *Carter*, 254 S.W.3d at 347 (citing Tenn. Code Ann. § 40-35-303(b)). The defendant must show that the alternative sentencing option imposed "will subserve the ends of justice and the best interests of both the public and the defendant." *Hooper v. State*, 297 S.W.2d 78, 81 (Tenn. 1956), *overruled on other grounds*, *State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000).

Before imposing a sentence of full confinement, the trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1)(A)-(C). In addition, the sentence imposed should be (1) "no greater than that deserved for the offense committed," and (2) "the least severe

measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(2), -103(4). The party appealing a sentence bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

Here, the defendant argues the trial court improperly enhanced his sentence for child abuse from the minimum of four-years to the maximum of eight-years. Specifically, the defendant argues the trial court misapplied the following enhancement factors:

> (4) A victim of the offense was particularly vulnerable because of age or physical or mental disability;

> (8) The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community;

> (13) At the time the felony was committed, one (1) of the following classifications was applicable to the defendant: (C) Released on probation;

Tenn. Code Ann. § 40-35-114(4), (8), (13)(C). In support of his argument regarding factor (4), the defendant asserts no evidence exists "to show that the minor child was particularly vulnerable." The defendant also argues the victim's age was "an essential element of the crime" and thus, should not have been weighed against him in assessing her vulnerability. Regarding factors (8) and (13)(C), while the defendant concedes factor (13)(C) applies, he states "[w]hile there was mention of prior probation violations, there ultimately was no evidence entered in the record about any such conviction." As a result, the defendant asserts "[b]y applying the fact that [the defendant] was on probation to two different enhancing factors, the [t]rial [c]ourt unfairly [weighed] the enhancing factors against him." We, however, disagree with the defendant's arguments.

At the sentencing hearing, the trial court determined the statutory range for child abuse, a Class D felony, to be four to eight years for the defendant, a Range II, multiple offender. Tenn. Code Ann. §40-35-112(b)(4). Upon setting the range, the trial court considered the presentence report, the purposes and principles of sentencing, the evidence presented at the sentencing hearing, the nature and characteristics of the charged offense, statistical information, enhancing and mitigating factors, and the defendant's statement. *See* Tenn. Code Ann. § 40-35-210(e); *Bise,* 380 S.W.3d at 705-06. The trial court then addressed on the record the applicable enhancement and mitigating factors related to the defendant.

Specifically, the trial court found five enhancement factors applied to the defendant pursuant to Tennessee Code Annotated section 40-35-114. In assessing the applicable factors, the trial court stated:

So first I'll look at the enhancing factors. The State has given notice, and the [c]ourt is going to find the following. One, he has two prior felony convictions, that makes him Range 2. But there are twenty-three prior misdemeanor convictions for all kinds of offenses. He's been on probation, he's violated probation. He's also admitted he uses marijuana. So factor number one is clearly made out by the proof.

I'm going to find factor number four, that is, the victim of the offense was particularly vulnerable because of age or physical or mental disability. It's a young child. Not only that, she was retarded and autistic. So factor number four is going to apply.

Factor number eight, that he failed to comply with conditions of a sentence involving release into the community. That's clearly made out by the presentence report.

Factor number thirteen, he was on probation at the time. And some of those offenses were even out of Davidson County if you look at the dates of the convictions, which was just prior to this.

Factor number fourteen has been made out by the record, he abused a position of public or private trust or used a special skill in a manner that significantly facilitated the commission or the fulfillment of the offense. He was clearly the baby-sitter, [the victim] having been left in his custody. He admits he was taking care of her though he indicates he's trying to prevent her from hurting herself. And it was the baby-sitter who actually found the event. So I'm finding those enhancing factors.

Upon our review of the record, we agree with the trial court's assessment of the applicable enhancement factors. The presentence report lists the defendant's twenty-three prior misdemeanors and two prior felonies. Additionally, the defendant testified to an extensive history of criminal activity, to committing two Class E felonies in Wilson County, and to violating probation twice, one violation being a simple assault arrest. Accordingly, the trial court properly considered the defendant's criminal history, his failure to comply with conditions of a sentence involving release into the community, and the defendant's probation status at the time of the present offense in enhancing the

defendant's sentence to eight years for child abuse. Tenn. Code Ann. § 40-35-114(1), (8), (13)(C). The defendant is not entitled to relief as to these issues.

The defendant next suggests the trial court improperly enhanced his sentence based upon the victim's vulnerabilities arguing, there was no medical proof demonstrating the victim's mental disabilities or any proof "that suggest[ed] that [the victim's] age caused her to be 'particularly vulnerable.'" We, however, find the defendant's arguments misplaced. At the sentencing hearing, the defendant testified he knew the four-year-old victim was mentally disabled and autistic at the time of the offense. Further, the defendant stated he hit the victim because she "was not listening, not following orders." It is clear in the record the defendant knew the victim, for whom he was caring, suffered from autism and a mental disability, and her failure to follow "orders" resulted in the abuse. Though not disputed by the defendant on appeal, we also note the trial court found the defendant was able to facilitate the abuse as a result of his position as the victim's babysitter, and the trial court appropriately relied upon the same in enhancing the defendant's sentence. Tenn. Code Ann. § 40-35-114(14). Accordingly, the trial court properly considered the victim's vulnerability and the defendant's abuse of his position in enhancing the defendant's sentence, and the defendant is not entitled to relief. *See* Tenn. Code Ann. § 40-35-114(4), (14).

Turning to the applicable mitigating factors, the defendant argues in imposing the sentence, the trial court failed to properly consider his remorse, his honesty with investigators, or "that he was motivated by a desire to prevent the [victim] from hurting herself." The defendant's assertions, however, are not supported in the record. Rather, in assessing the applicable mitigating factors, the trial court stated the only factor that applied was "maybe the fact he pled guilty. But that doesn't give much weight." Tenn. Code Ann. § 40-35-113 (13). Additionally, the record shows the trial court rejected the defendant's explanation for the abuse, and we find nothing to indicate the trial court abused its discretion in making that determination. *Bise*, 380 S.W.3d at 707. As such, the record reflects the court weighed the relevant enhancement factors against the applicable mitigating factors before imposing the eight-year, within-range sentence.

Next, the trial court considered the statutory principles which support the defendant's sentence of confinement. Because the imposed sentence was for less than ten years, the defendant was eligible for probation. Tenn. Code Ann. § 40-35-303(a). However, as a Range II, multiple offender, the defendant was not "considered a favorable candidate for alternative sentencing." Tenn. Code Ann. § 40-35-102(6)(A). In assessing the defendant's probation eligibility, the trial court acknowledged the defendant had an extensive prior criminal history and measures less restrictive than confinement had been unsuccessfully applied to him prior to this conviction. Tenn. Code Ann. § 40-35-103(1)(A); -103(1)(C). Additionally, the trial court found confinement necessary to

avoid depreciating the seriousness of the offense of child abuse of a mentally handicapped child. Tenn. Code Ann. § 40-35-103(1)(B). Before imposing a sentence of confinement, the trial court explained its analysis regarding these statutory factors, stating:

> Now, looking at alternatives, because it's an eight-year sentence, he is eligible for probation. And I need to look at the sentencing considerations that are found at 40-35-103 and 303. And that is whether it's necessary to protect society from someone who has a long history of criminal conduct. Well, he does. It's mainly misdemeanors. To avoid depreciating the seriousness of the offense, beating a child with those bruises who is autistic and retarded is a horrible and shocking offense. And measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. And that clearly is this.

> More importantly the defendant has shown me no indication that he is going to be rehabilitated or that probation would be an appropriate thing for him. So all that being said I'm going to deny any probation, send him to the Department of Corrections (sic).

In denying alternative sentencing, the trial court relied on the defendant's twenty-three prior misdemeanors and two prior felonies in finding the defendant's incarceration would protect society and avoid depreciating the seriousness of his offense. Tenn. Code Ann. § 40-35-103(1)(A), -103(1)(B). Additionally, based upon the defendant's own testimony regarding two probation violations, the trial court found measures less restrictive than confinement were recently applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1)(C). Thus, the record makes clear the trial court relied on all three statutory factors in denying the defendant's request for alternative sentencing and ordered the eight-year sentence for child abuse to be served in confinement. Tenn. Code Ann. § 40-35-103(1)(A), (B), (C); *State v. Souder*, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002); *State v. Ernest W. Mays*, No. M2011-00235-CCA-R3-CD, 2012 WL 695352, at *5 (Tenn. Crim. App. Feb. 7, 2012)("Upon a finding of any one of the three enumerated factors, it is within the discretion of the trial court to deny any form of alternative sentencing."). Accordingly, the defendant is not entitled to relief.

Upon our review of the record, it is clear the trial court did not err in sentencing the defendant to the maximum, within-range sentence to be served in confinement. As articulated by the trial court when ordering the sentence, the trial court reviewed the presentence report, considered the requisite enhancement and mitigating factors, weighed the defendant's prior criminal history, considered the defendant's statement at the sentencing hearing, and measured the defendant's position of trust against the victim's

vulnerability due to her age and mental disability. Tenn. Code Ann. § 40-35-210(b). Based upon these statutory considerations, the trial court imposed an eight-year sentence for the defendant's child abuse conviction. In imposing the eight-year sentence to be served in confinement, the trial court relied on the defendant's extensive criminal history, his failed attempts at probation, and the need to avoid depreciating the seriousness of the offense of child abuse against a vulnerable victim. Tenn. Code Ann. § 40-35-103(1)(A)-(C). The trial court specifically cited each statutory factor it relied on in ordering the defendant's sentence and carefully weighed the factors against the specific facts of the defendant's criminal history and present crime. As such, the record reflects the trial court properly considered the relevant purposes and principles of Tennessee's sentencing statutes and imposed a sentence within the applicable range for the defendant's Class D felony offense of child abuse. The trial court then made the requisite findings on the record in support of its ruling. Accordingly, the trial court did not abuse its discretion and we affirm the eight-year sentence in the Tennessee Department of Correction imposed by the trial court.

## <u>CONCLUSION</u>

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
J. ROSS DYER, JUDGE